Anne Marie VALLANCE, Appellant,

v.

IRVING C.A.R.E.S., INC. and Irving C.A.R.E.S., Inc. d/b/a Irving C.A.R.E.S. Community Assistance Referral Emergency & Service, Appellees.

No. 05–99–00655–CV.

Court of Appeals of Texas, Dallas.

March 24, 2000.

Brenda J. Williams, Dallas, for Appellant.

O. Glenn Weaver, The Law Firm of Glenn Weaver & Associates, P.C., Irving, for Appellees.

Before Justices LAGARDE, MORRIS, and O'NEILL.

## OPINION

Opinion By Justice LAGARDE.

Anne Marie Vallance appeals the take-nothing summary judgment rendered by the trial court in favor of Irving C.A.R.E.S., Inc., and Irving C.A.R.E.S.,

Inc. d/b/a Irving C.A.R.E.S. Community Assistance Referral Emergency and Service, in her suit alleging that appellees terminated her employment for filing a workers' compensation claim. In a single issue, appellant questions whether the trial court erred in granting appellees' motion for summary judgment. We resolve the issue against appellant and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellees are an emergency assistance agency providing aid in the form of food, clothing, rental, and utility assistance. Appellees hired appellant to be their intake receptionist. The intake receptionist makes the decision whether an applicant is qualified for immediate services for food and clothing, creates the file on the applicant, and prepares the file for further review by a case worker. The intake receptionist also assists with the food closet, tidying the clothes closet, vacuuming, carrying out garbage, and other tasks. The position is critical to the functioning of appellees' services. At the time appellant worked for appellees, she was their only intake receptionist.

Appellant began working full time for appellees as their intake receptionist on August 21, 1995. She hurt her back "prior to September 7, 1995" lifting a box of copy paper, and she reinjured her back on September 14, 1995 when she tripped over a curb while on an office errand. On September 15, 1995, appellant reported to her supervisor that she was unable to get out of bed due to her backache. Subsequently, appellant filed a workers' compensation claim for her injured back. Appellees terminated appellant on October 10, 1995. During the thirty-four-and-a-half workdays appellant was employed by appellees, she worked only eighteen days. The rest of the time she was on medical leave. In a termination letter, appellees explained she was being terminated because she "ha[d] proven [she] cannot be on the job as needed in this critical position." Appellees also

stated in the termination letter that "Irving CARES is not evading our workers compensation insurance responsibility. At this time our insurance company is accepting your on the job back injury claim." Appellant received her workers' compensation benefits.

Appellant sued appellees, alleging they terminated her employment because she filed a workers' compensation claim. Appellees moved for summary judgment on the ground that appellant could not produce evidence that they terminated her for filing her workers' compensation claim. Appellant responded to the motion and attached exhibits in support of her response. Appellees objected to some of this evidence as unauthenticated, and the trial court sustained their objections. The trial court granted appellees' motion for summary judgment.

## SUMMARY JUDGMENT

After adequate time for discovery and without presenting summary judgment evidence, a party is permitted by rule of civil procedure 166a(i) to move for summary judgment on the ground that no evidence supports one or more essential specified elements of an adverse party's claim or defense on which the adverse party would have the burden of proof at trial. *See* Tex.R. Civ. P. 166a(i). If the adverse party is unable to produce summary judgment evidence raising a genuine issue of material fact on the challenged elements, the trial court must grant the motion. *See id.*

A no-evidence motion for summary judgment is essentially a pretrial motion for instructed verdict, and we apply the same standard of review. *See Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied); *see also General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas Feb.4, 2000, no pet. h.); *cf. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (federal summary-judgment

rule mirrors the standard for instructed verdict). We consider all the evidence in the light most favorable to the adverse party, disregarding all contrary evidence and inferences. *See Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 705 (Tex. App.-Dallas 1999, no pet.); *Moore,* 981 S.W.2d at 269. A no-evidence summary judgment is improper if the adverse party has produced more than a scintilla of probative evidence raising a genuine issue of material fact on each challenged element of a claim or defense. *See Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 195 (Tex.App.-Amarillo 1999, pet. denied); *Moore,* 981 S.W.2d at 269. Evidence that "is so weak as to do no more than create a mere surmise or suspicion" of a fact is legally insufficient and constitutes no evidence. *See Moore,* 981 S.W.2d at 269 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Moore,* 981 S.W.2d at 269 (quoting *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998)).

■ Section 451.001 of the Texas Labor Code prohibits an employer from discharging an employee for filing a workers' compensation claim in good faith. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). To prevail on a section 451.001 claim, an employee need not show she was fired solely because of filing the workers' compensation claim; rather, she must show that "but for" the filing of the claim, the discharge would not have occurred when it did. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450–51 & n. 3 (Tex.1996).

■ Appellant had no direct evidence that appellees terminated her for filing her workers' compensation claim. Circumstantial evidence sufficient to establish a causal link generally includes:

(1) knowledge of the compensation claim by the person terminating her;

(2) expression of a negative attitude toward the employee's injured condition;

(3) failure to adhere to established company policies;

(4) discriminatory treatment in comparison to similarly situated employees; and

(5) evidence that the reason for the discharge was false.

*See Continental Coffee Prods. Co.,* 937 S.W.2d at 451. We will review each of these elements.

■ Appellant met the first element, knowledge of the compensation claim by the person terminating her. Appellant's supervisor, Joyce Brown, filled out the workers' compensation forms for appellant. This fact, standing alone, is not sufficient to raise a fact issue concerning termination for filing a workers' compensation claim; the fact must be considered along with the remaining evidence. *See Urquidi v. Phelps Dodge Ref. Corp.*, 973 S.W.2d 400, 404 (Tex.App.-El Paso 1998, no pet.).

■ Appellant did not meet the second element, expression of a negative attitude towards her injury. Although appellees terminated appellant because she was chronically absent due to her back injury and unable to perform all the tasks of the intake receptionist due to her injury, appellant presented no evidence that Brown or other persons employed by appellees expressed a negative opinion concerning her physical condition. Appellant argues that the record shows appellees prohibited volunteers, including appellant's husband and son, from assisting her in performing the strenuous job duties of her position, cleaning the clothes closet, vacuuming, taking out the garbage, etc. Appellant cites to pages 107 and 109 of the clerk's record in support of this argument. However, neither these pages, nor any other evidence in the record, shows appellees prevented anyone from assisting her.

No evidence supports appellant's argument. *Cf. Wyler Indus. Works, Inc. v. Garcia,* 999 S.W.2d 494, 501 (Tex.App.-El Paso 1999, no pet.) (negative attitude shown by general manager being annoyed and irritated by employee's inability to perform light-duty work); *Gorges Foodservice, Inc. v. Huerta,* 964 S.W.2d 656, 666–67 (Tex.App.-Corpus Christi 1997, pet. withdrawn) (negative attitude shown by forcing workers' compensation claimant to suffer humiliations not inflicted on other employees). Appellant's argument lacks merit.

■ Appellant did not meet the third element, failure to follow established company policy. Appellant presented no evidence of appellees' company policies or how they were violated. Brown testified that appellant's case was the first workers' compensation claim she had worked on during the five years in which she had been in charge of appellees' day-to-day operations. Appellant argues in her brief that appellees did not follow company policy because they did not permit volunteers to assist her in the strenuous duties of her job. However, no summary judgment evidence shows appellees did not permit volunteers to assist her. Appellant's argument lacks merit.

■ Appellant failed to meet the fourth element, discriminatory treatment in comparison to similarly situated employees. Appellant relied on Brown's testimony that a volunteer coordinator who missed ten or fifteen days of work was not terminated. However, appellant failed to present evidence showing the volunteer coordinator was a similarly situated, critical employee. Brown testified that two positions were critical to running the office, the intake receptionist and the case worker, but no evidence shows that the volunteer coordinator was a similarly situated employee to the intake receptionist. Appellant's argument lacks merit.

■ Appellant failed to meet the fifth element, evidence that the reason for the discharge was false. Appellant argues that the summary judgment record contains conflicting reasons for her discharge. She cites to evidence that she argues shows she was terminated for being away from work for three days without notifying appellees of her absence. This evidence consisted of unauthenticated time sheets and daily attendance records. The trial court sustained appellees' objection to this evidence. Appellant does not challenge that ruling on appeal. Therefore, no evidence supports appellant's argument. *See Inglish v. Prudential Ins. Co. of Am.,* 928 S.W.2d 702, 706 (Tex.App.-Houston [1st Dist.] 1996, writ denied).

■ Appellant has not raised a genuine issue of material fact concerning a causal connection between her termination and her filing the workers' compensation claim. In her deposition, appellant testified to her belief that Brown terminated her for filing her workers' compensation claim. Appellant's subjective beliefs, however, are no more than conclusions and are not competent summary judgment evidence. *See Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex. 1994) (per curiam). Although the record shows appellees terminated appellant because she was chronically absent from work due to her injury, no evidence shows that but for the filing of her workers' compensation claim, appellant's termination would not have occurred when it did.

We conclude that appellant has failed to show the existence of evidence creating a fact question concerning whether she was terminated for filing a workers' compensation claim. We hold that the trial court did not err in granting appellees' no-evidence motion for summary judgment. We resolve appellant's issue against her.

We affirm the trial court's judgment.