In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-495 CV


____________________



JOHN POWELL and AILENE POWELL, Appellants



V.



TALL TIMBERS PROPERTY ASSOCIATION, INC., Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 99-07-04113-CV






O P I N I O N


 John and Ailene Powell appeal two summary judgments: one granted in favor of
Tall Timbers Property Owners Association, Inc., ("Association") and certain individual
officers and directors regarding the Powells' counterclaims, and one granted in favor of
the Association regarding assessments owed by the Powells. The Powells bring three
issues. We will affirm in part, reverse and remand in part, and reform the judgment
granted to the Association on assessments. 

 The Association originally brought suit against the Powells seeking to collect
maintenance fees and enforce its lien securing the fees against the Powells' real property. 
The Powells counterclaimed against the Association, as well certain of its individual
officers and directors. (1) The trial court granted summary judgment to the Association and
individual counter-defendants on the Powells' claims and later granted a final summary
judgment to the Association on its claims for assessments and foreclosure. The live
pleading at the time the trial court granted summary judgment on the Powells'
counterclaims was their second amended answer and counterclaim. (2) The Powells' live
pleading at the time of the final summary judgment was their third amended answer and
counterclaim.

 The standards for review of summary judgments are well established: (1) the
movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true; and (3) every reasonable inference must be drawn
in favor of the non-movant and any doubts resolved in its favor. See Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 In their first issue, the Powells contend the trial court erred in granting the
Association's motion for partial summary judgment on the Powells' claims against the
Association because the evidence raised a material issue of fact tending to show the
Association has a duty to enforce deed restrictions. This issue is related to one of the three
causes of action that the Powells asserted below. (3) 

 Summary judgment for a defendant is proper only when: (1) the defendant negates
at least one element of each of the plaintiff's theories of recovery, or (2) pleads and
conclusively establishes each element of an affirmative defense. Science Spectrum, Inc.
v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997)(citing Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970), and City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)). The Association assert that, as a matter of law, it does not
have an affirmative duty to enforce the restrictions. And if it does not, then it will have
negated an element of the Powells' claims against it. 

 Whether a duty exists is a question of law for the court to decide from the facts
surrounding the occurrence in question. Walker v. Harris, 924 S.W.2d 375, 377 (Tex.
1996). Further, restrictive covenants are subject to the general rules of contract
construction, and are "'unambiguous as a matter of law if [they] can be given a definite
or certain legal meaning.'" Pilarcik v. Emmons, 966 S.W.2d 474, 478 (Tex.
1998)(quoting Grain Dealers Mut. Ins. Co. v. McKee, 943 S.W.2d 455, 458 (Tex. 1997)). 

 Here, the developers specifically assigned to the Association the right to collect
maintenance fees as called for in the restrictive covenants. However, the right to enforce
other restrictions extends not only to the developer or its successors or assigns but also
to the property owners as well.

 Paragraph 1 of the restrictions provides:

 If the parties hereto, or any of them, or their heirs, successors and assigns
shall violate or attempt to violate any of the covenants herein it shall be
lawful for the Developer, their successors or assigns to enter and abate such
violation without liability, or their successors, or assigns, and any other
persons owning any real property situated in said subdivision shall have the
right to prosecute any proceeding at law or equity against the person or
persons violating or attempting to violate such restrictions, and either to
prevent them from doing or to cause to be removed such violation, or to
recover damages for such violation. (emphasis added).


 As explained in Simms v. Lakewood Village Property Owners Ass'n, Inc., 895
S.W.2d 779, 787 (Tex. App.--Corpus Christi 1995, no writ), "[t]he terms 'right' and
'duty' are not synonymous, but even if they were, appellants, as owners, would have the
same duty to enforce the covenants as the association. Thus, the association and appellants
would each have the same cause of action against each other, and such a suit would have
an absurd result and serve no useful purpose." 895 S.W.2d at 787. Here the terms of the
deed restrictions impose rights of enforcement, but not duties. We find, as a matter of
law, that the Association had no duty to enforce the deed restrictions. The language of the
deed restrictions is clear and unambiguous. Issue one is overruled.

 In their second issue, the Powells assert the trial court erred in granting the
Association's motion for summary judgment on assessments because they presented
competent summary judgment evidence sufficient to raise a genuine issue of material fact
on each element of their affirmative defenses. The affirmative defenses they assert are: 
(a) abandonment of general scheme or overall plan of development; (b) abandonment of
right to compel payment of maintenance assessments; and (c) failure of consideration. 

 The Association's right to assess maintenance fees is established in the restrictive
covenants and in the assignment of that right by the developer. (4) As explained above, we
apply the general rules of contract construction and will consider the restrictive covenants
unambiguous as a matter of law where they can be given a definite or certain legal
meaning. Pilarcik, 966 S.W.2d at 478.

 Regardless of the quantity or quality of evidence the Powells may have presented, 
their affirmative defenses will not prevent summary judgment in favor of the Association
on the question of assessments because of the provisions of the restrictive covenants.
Paragraph 3 specifically provides that if any of the restrictions becomes invalid, or for any
reason is not enforced, the remaining ones shall not "be affected or impaired thereby, but
shall remain in full force and effect." Thus, under Paragraph 3, the Association's right
to enforce assessments remains in effect even if the Association does not comply with the
remainder of the covenants.

 But, the owners are not without remedies. As allowed under Paragraph 1, a
majority of them may act to prevent the Association from continuing to collect
assessments. (5) Issue two is overruled. (6) 

 In their third issue, the Powells maintain that the trial court erred in granting the
individual directors' motion for a no evidence summary judgment on the Powells' claims 
because the evidence raises a material issue of fact tending to show the directors knowingly
acted in furtherance of their own economic interest at the expense of the Association and
property owners. Against the individual counter-defendants, the Powells had asserted
claims of: (1) breach of implied duties of good faith and fair dealing; and (2) breach of
fiduciary duty. 

 On appeal, the Powells complain that five of the individual counter defendants,
Charlie Girsh, Leura Girsh, Bruce Parker, Gail Parker and Pat Kozub have benefitted
financially by operating various business enterprises in violation of the deed restrictions.
But no where in their arguments do the Powells refer to any documents that establish the
duty of the directors to enforce the deed restrictions. Certainly, the directors had the right
to enforce the deed restrictions, as did the Association and the Powells. But as explained
in Simms, having the right to enforce the restrictions is not synonymous with having the
duty to enforce them. Simms,895 S.W.2d at 787. We find that the individual directors
did not have the duty to enforce the deed restrictions.

 However, as against Charlie Girsh, the appellants also assert that Girsh diverted
association funds to himself and his family members in violation of Paragraph 17, sub-paragraph 3 of the Restrictions and article 4(3) of the By-laws. Paragraph 17, sub-paragraph 3 of the Restrictions provides that the judgment of the developer or his assigns
regarding the good faith use of the maintenance fund shall be final. Article 4, paragraph
3 of the Bylaws provides that no director shall receive compensation for any service he
may render to the Association. 

 As evidence of their assertions against Charlie Girsh, the Powells reference copies
of checks from the Association to Charlie Girsh for items or services relating to the "pool"
or "pool cleaning." These check copies were attached to and referenced in the affidavit
of John Powell, which was part of the Powells' summary judgment proof filed with their
response.

 Appellees contend the Bylaws and other documents attached to the Powells' 
response are not proper summary judgment evidence as they were not authenticated.
Appellees also contend John Powell's affidavit is defective, as it does not show he is
testifying from personal knowledge and does not demonstrate he is competent to testify on
the matters he addresses. Appellees do not contend they asserted these objections before
the trial court.

 The Powells respond that the Bylaws were produced by the Association in response
to written discovery. As Appellees have not contradicted the Powells' statement that the
Bylaws were produced in discovery, we accept it as true. See Tex. R. App. P. 38.1(f). 
Thus, under Texas Rule of Civil Procedure 193.7, the bylaws are authenticated and
constitute proper summary judgment evidence. See Tex. R. Civ. P. 193.7.

 Powell's affidavit states that the facts offered in the affidavit are within his personal
knowledge and are true and correct. He identifies the checks as being drawn on the
Association's bank account and the attached copies show the checks being drawn on an
account at Texas Commerce Bank, The Woodlands, Texas, in the name of "Tall Timbers
Property Owners Association." It is difficult to understand how copies of these checks
would be in the Powells' possession if they had not been produced in discovery. 

 As the Powells are nonmovants here, we consider all the evidence in the light most
favorable to them, disregarding all contrary evidence and inferences. Allen v. W.A. Virnau
& Sons, Inc., 28 S.W.3d 226, 231 (Tex. App.--Beaumont 2000, pet. denied). A
no-evidence summary judgment is improper if the nonmovant has produced more than a
scintilla of probative evidence raising a genuine issue of material fact on each challenged
element of a claim or defense. Id. (quoting Vallance v. Irving C.A.R.E.S., Inc., 14
S.W.3d 833, 837 (Tex. App.--Dallas 2000, no pet.). The copies of the checks are more
than a scintilla of evidence that Charlie Girsh violated article 4(3) of the By-laws, which
prohibits members of the Board of Directors from receiving compensation for any services
they may render to the Association. The copies of the checks and the By-laws are also
more than a scintilla of evidence that Charlie Girsh has not acted: (1) in good faith; (2)
with ordinary care; and (3) in a manner he reasonably believes to be in the best interest of
the corporation, elements a party seeking to establish liability of a director must prove as
required by the Texas Non-Profit Corporation Act. See Tex. Rev. Civ. Stat. Ann. art.
1396-2.28 (D) (Vernon 1997).

 Thus, we affirm the third issue as it relates to the Powells' claim that Charlie Girsh
diverted association funds to himself and his family members in violation of Paragraph 17,
sub-paragraph 3 of the Restrictions and article 4(3) of the By-laws. Summary judgment
on this part of the issue is improper as the Powells have produced more than a scintilla of
evidence to support the elements of their claims. We overrule issue three as to the
remainder of the Powells' claims. 

 Accordingly, we affirm the trial court's judgment in part, and reverse and remand
the judgment to the trial court for proceedings in accordance with this opinion on issue
three. 


 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 






 DON BURGESS

 Justice


Submitted on July 16, 2002

Opinion Delivered August 29, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The individual counter-defendants, all alleged to be either officers or directors,
were Leura Girsh, Pat Seidel, Pat Kozub, Dennis Ross, Charlie Girsh, Audra Smith, Bruce
Parker, and Laquetta Haley. 
2. Shortly after the trial court granted summary judgment on the Powells claims, the
Powells filed a third amended answer and counterclaim.
3. Against the Association, they maintained that the Association failed consistently 
to enforce its collection of assessments and to enforce other deed restrictions. Against the
Association and the individual counter defendants, the Powells alleged breaches of implied
duties of good faith and fair dealing, as well as the breach of fiduciary duty. 
4. Under Paragraph 17, the Developer, or its assigns, has the "right at any time to
adjust, alter or waive such maintenance charge from year to year as in his judgment the
maintenance needs of the various sections of Tall Timbers may require; moreover,
Developer shall have the right at any time to discontinue and abandon such maintenance
charge, without incurring liability to any person whomsoever, by filing a written
instrument in the Office of the County Clerk of Montgomery County, Texas, declaring
such discontinuance and abandonment." Further, the "Developer or its assigns shall act
as the custodian and administrator of said maintenance fund, and it shall have the right to
collect, hold and expend any and all monies paid or to be paid into said Maintenance Fund
to carry out the provisions hereof. Developer shall not be liable or responsible to any
person or persons whomsoever for failure or inability to collect such maintenance charge
or any part thereof from any person or persons and Developer shall not be accountable to
any person for such fund." (emphasis added).
5. Under Paragraph 1, the restrictive covenants were binding until 1989, after which
they were to be automatically renewed for successive ten year periods, provided, however,
that a majority of the owners may remove the covenants and restrictions in whole or in
part, "at any time by signing and filing for record an instrument evidencing such action." 
6. If a foreclosure occurs here, we note the Powells have certain rights of redemption
as provided with the recent enactment of the Texas Residential Property Owners Protection
Act, sections 209.002-209.011 of the Texas Property Code (unofficially referred to as the
Wenonah Blevins Residential Property Owners Protection Act). See Tex. Prop. Code
Ann. § 209.011 (Vernon Supp. 2002).