NO. 12-04-00035-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


RODERICK STEVENSON,                              §     APPEAL FROM THE 123RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

TYSON FOODS, INC.
APPELLEE                                                        §     SHELBY COUNTY, TEXAS





MEMORANDUM OPINION
            Appellant Roderick Stevenson appeals the trial court’s summary judgment in favor of
Appellee Tyson Foods, Inc. In one issue, Stevenson claims the trial court erred in granting summary
judgment. We affirm. 
Background Stevenson, an employee of Tyson, suffered injuries compensable under the Workers’
Compensation Act. He asserts that after he filed a workers’ compensation claim, Tyson
discriminated against him based on his injury.


 Stevenson filed suit against Tyson for damages based
on discrimination and for failing to reasonably accommodate him in violation of the Americans with
Disabilities Act (ADA). 
            After a reasonable time for discovery, Tyson filed a no-evidence motion for summary
judgment. See Tex. R. Civ. P. 166a(i). In its motion, Tyson alleged that Stevenson failed to (1)
produce any evidence that Tyson discriminated against him due to his workers’ compensation injury
and (2) provide any evidence that Tyson violated the ADA. Stevenson timely responded to Tyson’s
motion, attaching only an affidavit from himself as summary judgment proof. The trial court then
ordered Stevenson to amend his petition to (1) clearly state his cause of action for Tyson’s alleged
discrimination in violation of Section 451 of the Texas Labor Code and (2) specify with reasonable
particularity the factual and legal basis to support a claim for punitive damages. The record reveals
that Stevenson failed to comply with the court’s order. The court subsequently granted Tyson’s
motion for summary judgment. This appeal followed. 

Summary Judgment
Standard of Review
            Texas uses summary judgments merely “to eliminate patently unmeritorious claims and
untenable defenses.” Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). In a no-evidence summary
judgment, a party is entitled to summary judgment if there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden of proof at trial. 
Tex. R. Civ. P. 166a(i). We view the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003), cert. denied, 124 S. Ct. 2097 (2004). 
             In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard
as a directed verdict. Id. at 750-51. A no-evidence summary judgment is improperly granted if the
nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact. Id. at 751. More than a scintilla of evidence exists when the evidence rises to a level
that would enable reasonable and fair-minded people to differ in their conclusions. Id. If the
movant’s motion and summary judgment proof facially establish its right to judgment as a matter
of law, the burden shifts to the nonmovant to raise a material fact issue sufficient to defeat summary
judgment. Dolcefino v. Randolph, 19 S.W.3d 906, 917 (Tex. App.–Houston [14th Dist.] 2000, pet.
denied). If the issue raised is based upon undisputed and unambiguous facts, then the reviewing
court may determine the question presented as a matter of law. Gramercy Ins. Co. v. MRD Invs.,
Inc., 47 S.W.3d 721, 724 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). However, if
resolution of the issues rests on disputed facts, summary judgment is inappropriate, and the
reviewing court should reverse and remand for further proceedings. Id. 
            When the order granting summary judgment does not specify the particular grounds the trial
court sustained, on appeal, the summary judgment opponent must defeat each summary judgment
ground argued by the movant. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, an
appellate court must uphold the summary judgment on any ground that is supported by the evidence
and pleadings. Id. Because the propriety of summary judgment is a question of law, we review the
trial court’s summary judgment de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994). 
Applicable Law
            The well-established rule in Texas is that employment for an indefinite term may be
terminated at will and without cause. Winters v. Houston Chronicle Publ’g Co., 795 S.W.2d 723,
723 (Tex. 1990). But the legislature has created a number of restrictions and exceptions to this at-will doctrine. Id. at 724 & n.1. One of these exceptions is that a person may not discharge or
discriminate against an employee who files a workers’ compensation claim in good faith. Tex. Lab.
Code Ann. § 451.001 (Vernon 1996).
            When an employee alleges that the employer terminated him in retaliation for filing a
workers’ compensation claim, he must show that (1) he filed a workers’ compensation claim in good
faith and that (2) a causal link exists between the termination and the filing of the claim. Tex. Lab.
Code Ann. § 451.001; Benners v. Blanks Color Imaging, Inc., 133 S.W.3d 364, 369 (Tex.
App.–Dallas 2004, no pet.) (citing Garcia v. Allen, 28 S.W.3d 587, 600 (Tex. App.–Corpus Christi
2000, pet. denied)); see also Tex. Lab. Code Ann. § 451.002(c) (Vernon 1996) (providing that
employee has burden of proof). The issue Tyson raises in this appeal relates to the second element, 
the causal link.
            To establish a causal link between termination and filing a workers’ compensation claim, an
employee need not show he was fired solely because he filed the claim. See Lee v. Haynes &
Boone, L.L.P., 129 S.W.3d 192, 196 (Tex. App.–Dallas 2004, pet. denied). Rather, he must show
that “but for” the filing of the claim, the discharge would not have occurred when it did. Id. 
Circumstantial evidence, and the reasonable inferences from such evidence, can prove the causal
link. Continental Coffee Prods. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996).  

Discussion
             In its motion for summary judgment, Tyson asserted that Stevenson failed to (1) produce any
evidence that Tyson discriminated against him due to his workers’ compensation injury and (2)
provide any evidence that Tyson violated the ADA. Stevenson responded to the motion and attached
only his affidavit as summary judgment proof. Stevenson’s affidavit, in relevant part, reads:
 
After I was injured on the job at Tyson[’]s, I was given certain restrictions by my doctor. When I
returned to Tyson[’]s, I was told to do work that violated my restrictions. When I objected to doing
work that violated my restrictions, I was told by the nurse to go to personnel for a different job
assignment. I was told by personnel that there was no job available for me, and my paycheck stopped. 
I was also told that if I didn’t return to work, my workers[’] compensation benefits would be cut off. 
When I found out there was a job I could do, Tyson sent the wrong job description to my doctor. I was
denied the job I could do because of that.
 
            Stevenson wholly failed to provide any evidence concerning his ADA claim nor does he 
argue in his appellate brief that the trial court improperly granted summary judgment on his ADA
claim. Therefore, we consider only whether the trial court improperly granted summary judgment on
Stevenson’s workers’ compensation claim. See Tex. R. App. P. 38.1. 
            Stevenson presented no direct evidence that Tyson terminated him for filing his workers’
compensation claim. Circumstantial evidence sufficient to establish a causal link generally includes 
 (1) knowledge of the compensation claim by the person terminating him, (2) expression of a negative
attitude toward the employee’s injured condition, (3) failure to adhere to established company
policies, (4) discriminatory treatment in comparison to similarly situated employees, and (5) evidence
that the reason for the discharge was false. See Cazarez, 937 S.W.2d at 451. 
            Viewing the evidence in the light most favorable to Stevenson, his affidavit, if true, shows that
Tyson had knowledge of Stevenson’s workers’ compensation claim. Specifically, Stevenson stated
that he was told that his workers’ compensation benefits would cease if he did not return to work.


 
Thus, Stevenson met the first element. But this fact, knowledge of the compensation claim, standing
alone, is not sufficient to raise a fact issue concerning termination for filing a workers’ compensation
claim. See Vallance v. Irving C.A.R.E.S., Inc., 14 S.W.3d 833, 837 (Tex. App.–Dallas 2000, no
pet.). Instead, the fact must be considered along with the remaining evidence. See id. 
            Stevenson presented no evidence (1) of Tyson expressing a negative opinion concerning his
physical condition, (2) of Tyson’s company policies or how they were violated, (3) of other similarly
situated persons receiving different treatment, or (4) of conflicting reasons for discriminatory
treatment. Thus, he failed to establish the remaining four elements set forth in Cazarez. See id. 
 
Conclusion
            Stevenson offered no evidence, either circumstantial or direct, that showed Tyson
discriminated against him because he filed a workers’ compensation claim. His affidavit did not raise
a genuine issue of material fact concerning a causal connection between his filing the workers’
compensation claim and any adverse treatment from Tyson. Affidavits that contain conclusions or
expressions of subjective belief are not competent summary judgment proof. See Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Under these circumstances, the trial court properly
granted Tyson’s motion for summary judgment. Consequently, we overrule Stevenson’s sole issue
and affirm the trial court’s judgment. 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
(PUBLISH)