**Affirmed; Opinion Filed January 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01394-CV

## GARY KUZMIN, Appellant
## V.
## DAVID A. SCHILLER, Appellee

On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-01580-2012

## MEMORANDUM OPINION
Before Justices Fillmore and Stoddart[1]
Opinion by Justice Stoddart

This is an appeal from a summary judgment rendered in a legal malpractice case. The client, Gary Kuzmin, sued attorney David A. Schiller alleging Schiller was negligent by entering into a business transaction with Kuzmin and another of Schiller's clients, Jimmy Jones. Kuzmin also alleged Schiller was negligent by not insisting Kuzmin obtain independent counsel and by not advising Kuzmin of the statute of limitations on Kuzmin's claim against Jones for breaching an agreement to buy Kuzmin's investment in the business. Schiller filed a traditional and no-evidence motion for summary judgment. The trial court sustained Schiller's objections to some of Kuzmin's summary judgment evidence and later struck the affidavit and report of his expert on damages. The trial court then granted Schiller's motion for summary judgment. Kuzmin

---

[1] Justice Kerry P. FitzGerald was a member of the original panel and participated in the submission of this case; due to his retirement, he did not participate in the issuance of this opinion. *See* Tex. R. App. P. 41.1(b).

appeals and argues in two issues that the trial court erred by granting summary judgment and by striking the damage expert.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude Kuzmin failed to challenge the trial court's ruling excluding his expert's opinions on proximate cause and without those opinions, Kuzmin presented no evidence of proximate cause in response to the no-evidence motion for summary judgment. We affirm the trial court's judgment.

## BACKGROUND

The summary judgment evidence indicates Schiller represented Kuzmin in several matters over a period of years. Schiller approached Kuzmin in 2005 to discuss a business proposal with Schiller's other clients, Jimmy Jones and Dorothy Fay Jones. The Joneses owned a gospel music television network, but were having financial difficulties. Dorothy owned a company called 1 A Chord, Inc. (A Chord), which in turn owned the assets of the Gospel Music Television Network (the Network). All the assets of the Network were pledged to secure a $5 million promissory note from A Chord to the prior owner of the Network, Seaton Broadcasting, LLC.

In December 2005, Schiller formed a company called Gospel Television Management, Inc. (GTMI), with the Joneses and Schiller as directors. In January 2006, Kuzmin, his wife, and the Joneses signed a Conflict of Interest Waiver prepared by Schiller. The waiver recited that Schiller would continue to represent them in other matters, but would only represent corporate entities in the GTMI transactions. The waiver disclosed that Schiller had a ten percent stock ownership in GTMI as payment for attorney's fees. In addition, the waiver disclosed that if a dispute arose between the parties, Schiller would not be able to represent any party to the waiver.

–2–

On February 21, 2006, two letters of intent were signed, one between A Chord and GTMI, and the other between the Kuzmins and the Joneses. Under these agreements, the Kuzmins would own 57% of the stock of GTMI, the Joneses would own 33%, and Schiller the remaining 10%. GTMI would attempt to acquire the assets of the Network by purchasing the Seaton promissory note or would enter into management contracts with A Chord to manage the Network assets. The Kuzmins agreed to acquire stock in GTMI for the sum of $2 million. They paid a total of $531,000 as an initial payment on the stock purchase and payment of certain operational expenses of the Network. The Kuzmins also executed a promissory note to the Joneses for approximately $1.6 million.

In his affidavit, Kuzmin testified that Schiller never advised him to seek another attorney to advise him about the GTMI transactions and never pointed out any risks or pitfalls regarding the proposed transaction. Kuzmin stated, "Had an independent lawyer advised me of any pitfalls with regards to the GTMI transaction, I would have given such advice strong consideration."

Kuzmin took over day-to-day operations of the Network for a time, but by June 2006, he had serious concerns about the Network relating to matters that had not been disclosed to him by Jones. Kuzmin contacted Schiller to arrange a meeting with Jones to discuss whether Jones would be willing to buy the Kuzmins' interest in GTMI. The Joneses agreed to buy the Kuzmins' interest for $531,000 in satisfaction of all obligations and promissory notes between the Kuzmins and the Joneses. Schiller prepared a buyout agreement and a later modification reflecting these terms and both Kuzmin, individually and on behalf of his wife, and Jones, individually and on behalf of his wife, signed the documents. However, the Joneses never paid the Kuzmins under this buyout agreement.

Over the next several years, Kuzmin contacted Schiller several times about getting Jones to make payment under the buyout agreement. At one point, Schiller told Kuzmin he was

working with Jones to obtain financing to pay Kuzmin. Later, Schiller asked Kuzmin not to take action against Jones and to give Schiller time to work with Jones to come up with the money. Schiller also told Kuzmin he could not represent Kuzmin in a lawsuit against Jones and gave Kuzmin the name of a lawyer to talk to about suing Jones.

Kuzmin hoped that GTMI would be sold and he would be paid from the sales proceeds. Kuzmin had several discussions with Schiller about sales prospects and Schiller said there were three or four interested buyers. In 2009, Schiller told Kuzmin that Jones had agreed to enter into a repayment agreement, but Jones never signed the agreement. In 2010, Schiller told Kuzmin he was still working to get Jones to sign the repayment agreement. However, in April 2010, Schiller assisted Kuzmin in drafting a demand letter from Kuzmin to the Joneses for payment of the 2006 buyout agreement. In August 2011, Kuzmin contacted Schiller again. Schiller informed Kuzmin that Jones was talking to his bank about financing and Schiller was assisting Jones in the process. Kuzmin testified that Schiller never advised him of the statute of limitations on his claim against the Joneses on the 2006 buyout agreement.

Kuzmin filed this lawsuit against the Joneses and Schiller on April 25, 2012. Kuzmin later amended the suit to dismiss the Joneses and pursued only his claims against Schiller. In response to Schiller's traditional and no-evidence motion for summary judgment, Kuzmin filed his affidavit, the affidavit of Ronald Reneker, an attorney expert on malpractice, and the affidavit of Steven Hastings, an expert on valuation of businesses. Schiller objected to portions of these affidavits and the trial court signed a written order granting several of the objections. The trial court initially denied the motion for summary judgment. Schiller then filed a motion to strike both expert witnesses and the trial court struck the valuation expert, Hastings. The same day, the trial court signed an amended order granting Schiller's motion for summary judgment. Kuzmin appeals the summary judgment on his legal malpractice claim against Schiller.

DISCUSSION

Kuzmin's first issue argues the trial court erred by granting Schiller's motion for summary judgment. We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009) (no-evidence summary judgment standards of review); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review).

## A. Standard of Review

Because they are dispositive, we begin with the no-evidence grounds for summary judgment. A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements. *Id.* In reviewing a no-evidence summary judgment motion, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)). A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

**B. Applicable Law**

In the no-evidence motion for summary judgment, Schiller challenged each of the elements of a legal malpractice cause of action: duty; breach; proximate cause; and damages. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). Proximate cause has two elements: cause in fact and foreseeability. *Akin, Gump*, 299 S.W.3d at 122. Cause in fact must be established by proof that (1) the negligent act or omission was a substantial factor in bringing about the harm at issue, and (2) absent the negligent act or omission ("but for" the act or omission), the harm would not have occurred. *Id.* "Causation must be proved, and conjecture, guess, or speculation will not suffice as that proof." *Id.* Breach of the standard of care and causation are separate inquiries and "an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other." *Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 119 (Tex. 2004). Proof of causation typically requires expert opinion because the causal link between an attorney's negligence and the client's harm often is beyond the jury's common understanding. *See id.*; *Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 847 (Tex. App.—Dallas 2013, no pet.).

When an attorney's negligence involves the failure to prosecute a claim, the plaintiff must present evidence the claim would have resulted in a judgment if properly prosecuted and, in addition, that some amount would have been collected from the judgment debtor at or after the time of the judgment. *See Akin, Gump*, 299 S.W.3d at 112; *Cosgrove v. Grimes*, 774 S.W.2d 662, 666 (Tex. 1989). This is often referred to as the "suit-within-a-suit" or "case-within-a-case" requirement of a legal malpractice claim. *See Kelley & Witherspoon*, 401 S.W.3d at 847. The amount of damages that would have been collectible in the prior suit is the greater of the amount of damages that would have been either paid or collected from the defendant's net assets. *Akin,*

*Gump*, 299 S.W.3d at 109. Collectability is determined as of or after the time the prior judgment would have been signed in the prior case. *Id.* Generally, the amount that would have been collectible on an underlying judgment:

> will be the greater of either (1) the fair market value of the underlying defendant's net assets that would have been subject to legal process for satisfaction of the judgment as of the date the first judgment was signed or at some point thereafter, or (2) the amount that would have been paid on the judgment by the defendant or another, such as a guarantor or insurer.

*Id.* at 114.

### C. Analysis

Kuzmin relied on Reneker's affidavit to raise a fact issue on proximate cause. Reneker opined that Schiller was negligent by entering into a transaction with a client and not insisting Kuzmin obtain independent counsel; by representing both Kuzmin and Jones when a disinterested lawyer would not have approved the joint representation; and by not advising Kuzmin that in order for GTMI to have value, GTMI had to either acquire or foreclose the Seaton note or enter into a management contract with A Chord, not assisting Kuzmin to do either of those things, and not advising Kuzmin to obtain an independent lawyer to do them. Reneker opined that these acts of negligence were the proximate cause of (1) Kuzmin's decision to invest $531,000 in GTMI when independent counsel would have strongly advised against the investment and Kuzmin more likely than not would have followed that advice; and (2) "Kuzmin's loss of the value that his GTMI stock would have had if GTMI had obtained control" of the Network.

Reneker also opined that Schiller was negligent by assisting Kuzmin in attempting to collect from Jones and not advising Kuzmin of the statute of limitations on a claim against Jones on the 2006 buyout agreement. Reneker opined that these acts of negligence were the proximate cause of Kuzmin's delay in independently seeking to collect on the 2006 buyout agreement and

–7–

the running of the statute of limitations on that claim. Reneker did not express an opinion that had suit been filed against the Joneses within limitations, it would have resulted in a judgment favorable to Kuzmin and Kuzmin would have been able to collect that judgment from the Joneses' unencumbered and non-exempt assets at the time or after the judgment would have been signed.

In his appellate brief, Kuzmin cites Reneker's opinions and argues they raised a genuine issue of material fact on proximate cause. However, the trial court sustained Schiller's objections to those opinions and excluded them by written order dated September 11, 2013. Kuzmin's appellate brief does not mention this order or assert the trial court erred by sustaining the objections.

Schiller argues Kuzmin cannot rely on Reneker's opinions on proximate cause on appeal because the trial court excluded this evidence by written order and Kuzmin did not assign error to that ruling in his appellate brief. As a result, Schiller argues there is no summary judgment evidence on proximate cause in the record and we should affirm on that basis. In Kuzmin's reply brief, he argues his issue on appeal broadly attacked the trial court's granting of summary judgment for Schiller and the issue should be broadly construed to include a challenge to the ruling on the objections to summary judgment evidence. For the first time, Kuzmin argues in the reply brief that the trial court abused its discretion by excluding the evidence because the expert used the correct definition of proximate cause and his opinion was not conclusory.

We will not consider summary judgment evidence that was excluded by the trial court unless the appellant timely and successfully challenges the evidentiary ruling. *See Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833, 838 (Tex. App.—Dallas 2000, no pet.) ("The trial court sustained appellees' objections to this evidence. Appellant does not challenge that ruling on appeal. Therefore, no evidence supports appellant's argument."); *Brooks v. Sherry Lane National*

*Bank*, 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ) (holding party challenging summary judgment waived any error in trial court's striking portions of party's affidavit by not challenging that ruling on appeal). Where the trial court sustains objections to summary judgment evidence and appellant does not challenge the evidentiary ruling on appeal, appellant has waived error regarding that ruling and we may not consider the excluded evidence.

For the sake of argument, we accept that Kuzmin's first issue on appeal—the trial court erred by granting summary judgment—was broad enough to permit the argument that the trial court also abused its discretion by excluding Kuzmin's summary judgment evidence. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970) (appellant may challenge grounds asserted in motion for summary judgment by separate points of error or by general point that allows argument as to all possible grounds on which summary judgment should have been denied). Issues on appeal should be liberally construed to fairly and equitably adjudicate the rights of litigants. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005). We consider the arguments supporting the issues and not merely the wording of issue. *Id.*

However, Kuzmin never argued in his opening brief that the trial court abused its discretion by excluding portions of Reneker's affidavit. *See Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.) (we review rulings on objections to summary judgment evidence for an abuse of discretion). He merely cited the opinions on proximate cause in support of his argument that he presented sufficient evidence to avoid summary judgment. Kuzmin argues in his reply brief that he effectively challenged the order excluding Reneker's opinions by citing a case defining proximate cause and detailing Reneker's opinions. We disagree. Kuzmin did not cite the appropriate standard of review for evidentiary rulings and did not mention the trial court's order sustaining the objections to the affidavit. There is simply no discussion or analysis in Kuzmin's appellate brief of how the trial court abused its discretion by excluding the

opinions.

Kuzmin argues we should liberally construe his issue citing *Tittizer*, 171 S.W.3d at 863. But this is not a mere mistake in the wording of the issue as in *Tittizer*. *See id.* (context of litigation and text of argument in brief indicated party intended to appeal award of attorney's fees to Tittizer, even though point of error erroneously mentioned "the Gislers"). Here there is no argument or analysis in Kuzmin's opening brief to support the issue that the trial court erred by excluding Reneker's affidavit testimony on proximate cause. *See id.*; TEX. R. APP. P. 38.1(i). While we liberally construe issues on appeal, we will not create arguments that could have—but were not—raised in the brief. *See Stovall & Associates, P.C. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 802-03 (Tex. App.—Dallas 2013, no pet.) (that appellant "could have but did not make such an argument in its opening brief does not allow it to do so for the first time in its reply brief").

Kuzmin "could have but did not" argue in his opening brief that the trial court abused its discretion by excluding part of Reneker's affidavit. *Id.* He may not raise the argument for the first time in his reply brief. *Id.* Issues raised for the first time in a reply brief are ordinarily waived and may not be considered by an appellate court. *Id.*; *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 207–08 (Tex. App.—Dallas 2011, no pet.) (issue raised for the first time in a reply brief will not be considered). We conclude the exclusion of Reneker's opinions on proximate cause is not properly before us. *See Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877–78 (Tex. App.—Dallas 2012, pet. denied); *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied).

In his affidavit, Kuzmin did state he would have given an independent attorney's advice "strong consideration." However, without the excluded portions of Reneker's affidavit, there is no evidence an independent attorney would have advised Kuzmin against making the

–10–

investment. Thus, Kuzmin's statement that he would have given such advice strong consideration does not raise a genuine issue of material fact as to proximate cause. Conjecture, guess, or speculation will not suffice as evidence of causation. *See Akin, Gump*, 299 S.W.3d at 122.

## CONCLUSION

We conclude Kuzmin failed to present summary judgment evidence raising a genuine issue of material fact as to the element of proximate cause. *See* TEX. R. CIV. P. 166(a)(i). We overrule Kuzmin's first issue. Without evidence of proximate cause, we need not decide whether the trial court abused its discretion by excluding the expert opinion on the value of Kuzmin's stock. Thus, Kuzmin's second issue it is not necessary to disposition of this appeal and we need not address the issue. *See* TEX. R. APP. P. 47.1. We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

131394F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

GARY KUZMIN, Appellant

No. 05-13-01394-CV          V.

DAVID A. SCHILLER, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-01580-2012.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DAVID A. SCHILLER recover his costs of this appeal from appellant GARY KUZMIN.

Judgment entered this 8th day of January, 2015.