

# NUMBER 13-19-00045-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**FAY HERSCHBERG,** **Appellant,**

**v.**

**THELMA NESTEL HERSCHBERG,** **Appellee.**

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Fay Herschberg filed suit against appellee Thelma Nestel Herschberg, alleging Thelma and Julio Herschberg, Fay's late ex-husband, conspired to defraud Fay of property awarded to Fay in her divorce from Julio. The trial court granted Thelma's combined no-evidence and traditional motion for summary judgment without comment.

On appeal, Fay contends that (1) she presented sufficient evidence to support each of her claims, (2) Thelma failed to conclusively establish her affirmative defenses, and (3) the trial court abused its discretion when it struck her untimely amended petition containing additional claims. We affirm.

## I.  BACKGROUND

Married in 1966, Fay filed for divorce from Julio in 1993, alleging, among other grounds, that Julio and Thelma had engaged in an adulterous relationship for more than eleven years. Fay subsequently filed tort claims against Thelma within the divorce proceeding, including a claim that Thelma and Julio conspired to defraud the community estate. Specifically, Fay alleged that "[b]y allowing [Julio] to spend enormous sums of money on living expenses, travel expenses, food, lodging and gifts for her benefit, [Thelma] knew or should have known that such expenditures constituted a constructive fraud upon [Fay], in that the community estate reflected a lesser value as the result of such expenditures."[1] Julio and Thelma filed counter claims against Fay.

After years of contentious litigation, including multiple appeals, an original proceeding, and bankruptcies, the parties reached a global settlement in 2000. Pursuant to the settlement, Julio and Fay executed a Contract for Contractual Alimony and an Agreement Concerning the Division of the Marital Estate of Julio Ignacio Herschberg and Fay Herschberg (Marital Estate Agreement). The Marital Estate Agreement, which is central to the dispute in this case, contained the following recitals and terms:

---

[1] Fay also brought claims against another individual and two closely held entities owned by the marital estate.

To avoid the continued losses in the prolonged litigation in which they have been engaged, Fay Herschberg and Julio Herschberg and all other Defendants have settled and compromised all controversies among them.

Julio Herschberg has had control of most of the marital estate and the income-producing properties since 26 January 1996. Indeed, he controlled these properties throughout the marriage of the parties. Julio Herschberg represents that he has made full disclosure of all assets and liabilities of the marital estate of the parties to Fay Herschberg, presented an accurate appraisement of them, and disclosed to her all income earned or generated from them.

Based upon his representations and the extensive information supplied by him to Fay Herschberg, the parties make this agreement which they represent to the Court to be a just and right division of their marital estate, having due regard for the rights of each party and the fault of Julio Herschberg in terminating the marriage.

. . . .

For Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is acknowledged and confessed, including but not limited to their mutual promises made in this Agreement, the exchange of property herein, and their commitment to carry out its terms, Fay Herschberg, a resident of Texas, and Julio Herschberg, a resident of Texas temporarily residing in New Jersey, agree that:

. . . .

The parties agree that any asset of the marital estate of the parties, the fruits or [illegible] thereof, which is now or hereafter found to be in the possession of Julio Herschberg or subject to his discretion and control and which is not disclosed and specifically awarded to him in this Agreement shall be the sole and separate estate of Fay Herschberg. In any action to recover such undisclosed marital property or to enforce this or any other provision of this Agreement, Fay Herschberg shall recover from Julio Herschberg her reasonable and necessary attorney fees and expenses.

. . . .

By written instrument, Fay Herschberg shall release any and all claims and causes of action she has against Julio Herschberg, Thelma Nestel, Meldy Ramirez, Godman & Morgan, Inc., Imperial Novelty Company, La Vie Consumer Products, Inc., and TGH Myrtle Warehouse,

Inc., and shall dismiss all pending lawsuits, if any, against them. However, this provision shall have no effect upon promissory notes, undertakings and guarantees made in this Agreement, the Contract for Contractual Alimony, other agreements subsidiary to either, or in the final Decree in this case.

By written instrument, Julio Herschberg, Thelma Nestel, Meldy Ramirez, Godman & Morgan, Inc., Imperial Novelty Company, La Vie Consumer Products, Inc., and TGH Myrtle Warehouse, Inc., shall release any and all claims and causes of action they have against Fay Herschberg and shall dismiss all pending lawsuits, if any, against her. However, this provision shall have no effect upon promissory notes, undertakings and guarantees made in this Agreement, the Contract for Contractual Alimony, other agreements subsidiary to either, or in the final Decree in this case.

The divorce court rendered an Agreed Final Judgment and Decree previously signed by the parties. The judgment approved the Marital Estate Agreement and dismissed all the parties' tort claims with prejudice. Like the Marital Estate Agreement, the judgment ordered "that all marital property, real personal, or mixed, of any kind and wheresoever located, which is not specifically identified in the [Marital Estate Agreement] and specifically awarded to Julio Herschberg is the property of Fay Herschberg." The judgment also ordered that "Fay Herschberg and Julio Herschberg shall comply with the terms of the Agreement."

Julio and Thelma were subsequently married, and Julio died in 2014. In July 2016, Fay filed suit against Thelma. She alleges that during Julio's probate proceeding, foreign bank accounts were discovered that Julio failed to disclose during the divorce. Bringing claims for common law fraud and fraud by non-disclosure, she alleges that Julio and Thelma conspired to conceal marital assets during the pendency of the divorce.

In December 2017, Thelma filed her first amended answer raising, among others, the affirmative defenses of limitations and res judicata. In June 2018, the trial court signed

4

an Amended Agreed Docket Control Order and Conference establishing an August 15, 2018 deadline to amend and supplement pleadings, a September 14 deadline to file dispositive motions, a November 8 setting to hear dispositive motions, and a November 13 trial setting.

On September 13, 2018, Thelma filed a combined motion for summary judgment, challenging Fay to produce evidence on each element of her claims and seeking to conclusively establish her affirmative defenses of limitations and res judicata. On October 1, 2018, Thelma filed an amended motion with an affidavit from her attorney supporting her claim for attorney's fees.

On October 29, 2018, after receiving an extension from the trial court, Fay filed her summary-judgment response. Thelma subsequently moved to strike Fay's summary judgment evidence, complaining that Fay failed to produce the evidence during discovery. *See* TEX. R. CIV. P. 193.6. Thelma also objected to the evidence on authentication and hearsay grounds. The trial court granted the motion and struck from the summary judgment record each piece of evidence attached to Fay's response. The trial court also granted Thelma's combined summary judgment motion without comment, but it denied her request for attorney's fees.

Also on October 29, 2018, without seeking leave from the trial court, Fay filed an amended petition with additional claims for conversion and declaratory relief. The amended petition does not contain any new factual allegations. Thelma filed a motion to strike the amended petition as untimely, arguing she was surprised and prejudiced by the amendments. The trial court struck the amended petition, and this appeal ensued.

5

## II. No-Evidence Summary Judgment

By her first issue, Fay complains the trial court erred in granting Thelma's no evidence motion for summary judgment. Although she discusses how her responsive evidence raises a fact issue on each element of her initial claims, the trial court struck Fay's evidence, and she has not challenged that ruling on appeal. Thus, none of that evidence is properly before us. *See Walker v. Schion*, 420 S.W.3d 454, 457-58 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[I]n the summary-judgment context, we cannot consider evidence that was excluded by the trial court unless that evidentiary ruling is timely and successfully challenged on appeal."); *Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833, 838 (Tex. App.—Dallas 2000, no pet.) (same); *see also, e.g.*, *Izaguirre v. Rivera*, No. 14-12-00081-CV, 2012 WL 2814131, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, no pet.) (mem. op.) ("Because the trial court granted Rivera's motion striking all of Izaguirre's summary-judgment evidence and that ruling has not been challenged, no evidence supports Izaguirre's appellate arguments."); *York v. Samuel*, No. 01-05-00549-CV, 2007 WL 1018364, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2007, pet. denied) (mem. op.) (explaining that because the appellant failed to challenge the trial court's ruling that affidavits relied upon were hearsay, the evidence could not be considered on appeal). Accordingly, we overrule Fay's first issue and affirm the summary judgment in Thelma's favor.[2] *See* Tex. R. Civ. P. 166a(i) (requiring the non-movant to

---

[2] Because we affirm the summary judgment on the no evidence grounds, we do not reach Fay's second issue regarding Thelma's traditional summary judgment grounds. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (explaining that when "the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious"); Tex. R. App. P. 47.1 (requiring courts of appeals to address every issue raised and necessary to final disposition of the appeal).

present more than a scintilla of probative evidence raising a genuine issue of material fact supporting each element contested in the no-evidence motion).

### III. AMENDED PETITION

By her third issue, Fay argues the trial court abused its discretion when it struck her untimely amended petition containing additional claims for conversion and declaratory relief not addressed by Thelma's previously filed motion for summary judgment.

### A. Applicable Law

When a party seeks to amend its pleading after the date established by a scheduling order, the movant must seek leave from the court. TEX. R. CIV. P. 63. Under Rule 63, "a trial court has no discretion to refuse an amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *Grennhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990) (citations omitted). An amendment that is prejudicial on its face has three defining characteristics: (1) it asserts a new substantive matter that reshapes the nature of trial itself; (2) the opposing party could not have anticipated the new matter in light of the development of the case up to the time the amendment was requested; and (3) the amendment would detrimentally affect the opposing party's presentation of its case. *Halmos v. Bombardier Aerospace Corp.*, 314 S.W.3d 606, 623 (Tex. App.—Dallas 2010, no pet.) (citing *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 749 (Tex. App.—Dallas 1996, writ denied)).

**B.    Analysis**

Fay does not contest the trial court's implied findings that Thelma demonstrated surprise and prejudice. Instead, Fay argues that the trial court acted arbitrarily because it accepted, over Fay's objection, Thelma's untimely amended motion for summary judgment. Fay reasons that, if one party is excused from meeting the deadlines established by the agreed scheduling order, then both parties should receive the same benefit. Fay provides us with no authority to support her position, and because she does not contest the trial court's implied findings of surprise and prejudice, Fay effectively invites us to create an exception to a well-established area of law—i.e., that other equitable considerations may require a court to accept an amended pleading even when the objecting party suffers surprise or prejudice.

Even if we accept Fay's premise, it is not evident from the record that the trial court's decision was arbitrary. Although the trial court granted Thelma's "First Amended No-Evidence and Traditional Motion for Summary Judgment," and therefore implicitly accepted the untimely filing, it denied Thelma's request for attorney's fees. The only difference between the original and amended motion for summary judgment was the addition of an affidavit by Thelma's attorney in support of her request for attorney's fees; Thelma did not add any additional grounds for summary judgment. And Thelma has not cross-appealed the denial of her request for attorney's fees. Thus, Fay was not prejudiced by the trial court's decision to accept Thelma's untimely amendment.

Conversely, it is undisputed that allowing Fay's untimely amendment would cause Thelma surprise and prejudice. Therefore, even if we were inclined to entertain Fay's

8

suggestion, it would fail under the facts of this case. Accordingly, we overrule Fay's third issue.

## IV.   CONCLUSION

The judgment is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the
19th day of November, 2020.

9