**Mary Ann INGLISH, Robert B. Inglish, and Gary W. Inglish, Trustee of the Inglish Family Insurance Trust, Appellants,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

No. 01–95–01549–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1996.

Rehearing Overruled Aug. 29, 1996.

---

Charles Smith, Bellville, for Appellants.

Katherine S. Youngblood, Nancy H. Elliott, Houston, for Appellee.

Before COHEN, MIRABAL and ANDELL, JJ.

## OPINION ON MOTION FOR REHEARING

COHEN, Justice.

We deny appellant's motion for rehearing; however, we withdraw our original opinion and issue this one in its stead.

Appellants Mary Ann Inglish, Robert B. Inglish, and Gary W. Inglish, as trustee of the Inglish family insurance trust (the Trust), appeal the summary judgment granted to Prudential Insurance Company in this breach of contract/unjust enrichment case. In two points of error, appellants assert the trial judge erred by (1) sustaining Prudential's special exceptions and objections to their summary judgment response without affording them the opportunity to amend it, and (2) granting summary judgment on their claims. We affirm.

A movant for summary judgment must prove there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding that issue, evidence favorable to the nonmovant is taken as true and every reasonable inference indulged in its favor. *Id.* Viewed in this light, the facts are as follows.

In February 1991, Gary Inglish contacted William Thorne, a Prudential insurance agent, to obtain a quote on a $2 million joint survivorship policy insuring the lives of his parents, Robert and Mary Ann Inglish. In March 1991, Thorne quoted a price of $74,000 for the requested policy, and the Inglishes asked Thorne to obtain the policy. Thorne was informed that the policy was part of an overall estate planning effort by appellants that had to be completed by December 31, 1991, in order for certain tax benefits to be realized.

From June to September 1991, Gary Inglish discussed with Thorne the insurance policy and ongoing estate planning. On September 20, Gary Inglish and Thorne discussed variables that might affect the policy's price. Thorne never indicated the policy would cost more than the "standard quoted price." They also discussed "the possibility and necessity" of increasing the policy to $4 million.

On October 28, 1991, Thorne prepared for Robert and Mary Ann Inglish a document showing the potential dividend distribution for a $4,000,000 survivorship ("second to die") whole life policy. This document reflects an "Initial Annual Premium" of $74,278. The document twice states, "This illustration is incomplete without the footnote page(s)," and contains a footnote page stating, "We offer this illustration to help you understand this plan and we do not intend that it change any provision in the contract." Appellants contend this document is the "contract" Prudential breached by later charging them more than $74,278 for the $4 million policy.

On November 11, Thorne told Gary Inglish that he needed to purchase the policy by November 18. On November 26, Gary Inglish was told that Prudential's underwriters had not yet set the price, but Thorne did state that the price would be higher.

On December 2, 1991, Thorne told Gary Inglish that the price would be $109,998, $35,720 more than the original quote, because Prudential's underwriters determined that Mary Ann Inglish had a "blockage." The next day, Thorne presented Gary and Robert Inglish with the policy. They informed Thorne that given the late date and the necessity of having the policy in place by the end of the year, they had no choice but to purchase the policy. They told Thorne they were dissatisfied and were paying $109,998 with the understanding that the "error" would be corrected and the "overpaid" portion refunded. On January 23, 1992, Prudential tendered a $12,760 refund to Mary Ann and Robert Inglish, who refused it.

Mary Ann, Robert, and Gary Inglish, as trustee of the Inglish family insurance trust, sued Prudential for the $35,720 "overpayment," alleging claims for breach of contract and unjust enrichment. Prudential moved for partial summary judgment against Mary Ann and Robert Inglish, asserting that both lacked standing because neither was the owner nor beneficiary of the policy. It is undisputed that neither of them is the owner or beneficiary, the owner and beneficiary being Gary W. Inglish, Trustee. The judge granted this motion, and on appeal, Mary Ann and Robert Inglish do not attack this basis for granting summary judgment against them. Thus, we affirm the summary judgment against them.

In addition, Prudential moved for final summary judgment against all parties on the following grounds:

(1) There was no binding contract of insurance until the Trust, as owner of the Policy, accepted the Policy as issued by Prudential's underwriting department and paid the first full premium charged by Prudential based on the underwriting department's assessment of the risk it was being asked to assume; and

(2) There was no breach of contract or unjust enrichment as a matter of law because Prudential provided the coverage it was contractually obligated to provide and had been paid to provide for the period of time the Policy was in force.

Appellants asserted in response that: (1) fact issues exist about whether an implied contract exists; and (2) fact issues exist about whether Prudential was unjustly enriched. Their evidence included: (1) a copy of Prudential's partial refund check for $12,760 payable to Mary Ann and Robert Inglish, (2) Gary Inglish's affidavit, and (3) the document of October 28, 1991, prepared by Thorne showing a premium of $74,278.

Prudential specially excepted and objected to appellants' response as follows:

(1) The parol evidence rule precludes consideration of all statements in the affidavit of Gary Inglish that are outside the four corners of the insurance policy.

(2) The appellants' pleadings do not support their argument regarding an implied contract, a theory raised for the first time in the response.

(3) The affidavit of Gary Inglish is incompetent summary judgment evidence because it contains inadmissible statements.

(4) The affidavit of Gary Inglish contains hearsay regarding statements made by Thorne.

(5) The affidavit of Gary Inglish contains unsubstantiated opinion, self-serving statements, conclusions (rather than facts), and statements of subjective belief.

The trial judge granted Prudential's motion for final summary judgment. In the same order, the judge sustained Prudential's special exceptions and objections and stated that he did not consider any portion of the appellants' response that was subject to Prudential's special exceptions and objections.

■ In their first point of error, appellants assert the judge erred by sustaining Prudential's special exceptions and objections and rendering a final summary judgment without giving them an opportunity to amend their evidence and their response.

■ Assuming *arguendo* that appellants were entitled to amend their response [1] after the trial judge sustained Prudential's special exceptions and objections, the complaint is not preserved for review. Generally, in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling it desired the court to make, and obtain a ruling on the request, objection or motion. TEX.R.APP. P. 52(a). Specifically, before a party may complain that it was denied the opportunity to amend after special exceptions were sustained, it must demonstrate that such an opportunity was requested and denied. *See* TEX.R.APP. P. 52(a); *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 209–10 (Tex.1990); *Fuentes v. McFadden,* 825 S.W.2d 772, 778–79 (Tex.App.—El Paso 1992, no writ); *Harmon v. City of Dallas,* 229 S.W.2d 825, 829 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.). Where a party is denied the right to amend and such fact is not reflected in the record, a motion for new trial

will preserve such error. *Ainsworth v. Homes of St. Mark,* 530 S.W.2d 877, 878 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Harmon,* 229 S.W.2d at 829.

Appellants rely on *Wyatt v. McGregor,* 855 S.W.2d 5, 17 (Tex.App.—Corpus Christi 1993, writ denied)(op. on reh'g). In *Wyatt,* the trial judge granted the movant's objections to evidence "at the summary judgment hearing." *Id.* Thus, the non-movant had no opportunity to amend before the judge granted the summary judgment. *Id.* The non-movant then sought the right to amend its evidence by filing a motion to set aside the judgment. *Id.* That distinguishes *Wyatt* from the instant case. Appellants never requested, via motion for new trial, rehearing, or otherwise, the opportunity to amend their responses. Consequently, their complaint is not preserved for review.

We overrule the first point of error.

■ In their second point of error, appellants contend: (1) Prudential did not prove its entitlement to a summary judgment; (2) fact issues exist about when the contract was formed; (3) fact issues exist about whether an implied contract was formed; and (4) fact issues exist about the unjust enrichment claim.

The Trust alleged that it entered a contract with Prudential on October 28, 1991, to buy the policy for an initial premium of $74,-278 and Prudential breached that contract by charging $35,720 more than the contract price.

A breach of contract action requires both a contract and a breach. *G.P. Enterprises v. Adkins,* 543 S.W.2d 913, 915 (Tex.Civ.App.—Texarkana 1976, no writ). Thus, Prudential had to disprove, as a matter of law, one of these elements. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991).

Prudential asserted that no contract existed on October 28, 1991, but instead arose on December 4, 1991, when Prudential issued the insurance contract, the Trust accepted it, and the first premium of $109,998 was paid.

---

1. Items 1, 3, 4, and 5 listed above are not special exceptions. They are objections to evidence, which were sustained.

Prudential further contends that no breach occurred because it provided the coverage it was contractually obligated to provide.

The insurance contract at issue provides:

[N]o coverage will start unless: (1) a contract is issued, (2) it is accepted, and (3) the full first premium is paid while all persons to be covered are living and their health remains the same as stated in Parts 1 and 2. *If all these take place, coverage will start on the contract date.* ... No agent can make or change a contract, or waive any of the Company's rights or needs.

(Emphasis added.)

■ Appellants signed this contract on December 4, 1991, and paid the first full premium of $109,998 that same day. Consequently, the summary judgment evidence proved as a matter of law that Prudential and the Trust first entered into a binding contractual relationship on December 4, 1991. "There is no contract unless and until the application for insurance is accepted by the insurance company." *American Life Ins. Co. v. Nabors,* 124 Tex. 221, 76 S.W.2d 497, 500 (Com.App.1934); *Walker v. Federal Kemper Life Assurance Co.,* 828 S.W.2d 442, 449 (Tex.App.—San Antonio 1992, writ denied) (payment of premium is condition precedent to existence of contract). The document of October 28, 1991, was not a contract for a premium of $74,278. It, and the related discussions, were "a mere offer to make a contract of insurance." *Snow v. Gibraltar Life Ins. Co.,* 326 S.W.2d 501, 505 (Tex.Civ. App.—Dallas 1959, writ ref'd n.r.e.); *accord Brachett v. Universal Life Ins. Co.,* 488 S.W.2d 584, 586 (Tex.Civ.App.—Beaumont 1972, no writ); *Roberts v. California–Western States Life Ins. Co.,* 470 S.W.2d 719, 726 (Tex.Civ.App.—Amarillo 1971, no writ); *American Casualty & Life Ins. Co. v. Parish,* 355 S.W.2d 781, 784 (Tex.Civ.App.— Waco 1962, no writ). Moreover, it is undisputed that Prudential provided the agreed coverage on Robert and Mary Ann Inglish. Thus, Prudential did not breach its contract with the Trust and is entitled to judgment, unless the Trust raised a fact issue. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

The Trust asserts that Gary Inglish's affidavit raises fact issues regarding (1) when the contract was formed, (2) whether a contract implied in law exists, and (3) whether a contract implied in fact exists.

■ Prudential objected that Inglish's affidavit was (1) incompetent summary judgment evidence, (2) barred by the parol evidence rule, and (3) contained inadmissible hearsay, unsubstantiated opinions, self-serving statements, conclusions (rather than facts), and statements of subjective belief. The judge sustained these objections. On appeal, appellants have not attacked the merits of that ruling. Consequently, we cannot consider this affidavit. *See Brooks v. Sherry Lane Nat'l Bank,* 788 S.W.2d 874, 878 (Tex. App.—Dallas 1990, no writ). Without it, no fact issue has been raised.

■ In its second point of error, the Trust further contends the summary judgment was in error because Prudential was unjustly enriched by $35,720 by quoting a low price and then inflating it after it was too late for the Trust to timely obtain alternative coverage.

■ As with claims of quantum meruit, unjust enrichment claims are predicated on the absence of an express contract controlling the circumstances. *See Truly v. Austin,* 744 S.W.2d 934, 936 (Tex.1988); *Bado Equip. Co. v. Bethlehem Steel Corp.,* 814 S.W.2d 464, 473 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Heritage Life Ins. Co. v. Heritage Group Holding Corp.,* 751 S.W.2d 229, 235 (Tex.App.—Dallas 1988, writ denied); *Coon v. Schoeneman,* 476 S.W.2d 439, 441 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.). Here, an express contract controls the amount of the premium. Consequently, the equitable remedy of unjust enrichment is not available, and the Trust's evidence did not raise a fact issue regarding that claim.

We overrule the second point of error.

The judgment is affirmed.