In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00918-CV

____________


PETKA CORPORATION, Appellant


V.


PUMA ENERGY, INC., Appellee






On Appeal from the 215th District Court 

Harris County, Texas

Trial Court Cause No. 2000-23456 





O P I N I O N


 Petka Corporation, appellant, challenges a no-evidence summary judgment
rendered on its claims against Puma Energy, Inc., appellee, for breach of contract,
conversion, and misappropriation of trade secrets under the Theft Liability Act, Tex.
Civ. Prac. & Rem. Code Ann. §134.001-.005 (Vernon 1997 & Supp. 2002). In four
issues, Petka contends its summary judgment evidence, the affidavit of its president,
was sufficient to raise a genuine issue of material fact on each of its theories of
recovery against Puma. Petka does not, however, challenge the trial court's ruling
that sustained Puma's objections to the affidavit. We affirm. 

Underlying Facts and Procedural Background


 Petka based its claims on allegations that Puma violated the parties'
confidentiality and non-circumvention agreement. Fifteen months after Petka filed
suit, Puma filed a motion for no-evidence summary judgment, contending there was
no evidence of one or more essential elements of each claim on which Petka would
have the burden of proof at trial, and no evidence of any damages resulting from any
act by Puma.

 Petka filed a timely response, contending its summary judgment evidence
raised a genuine issue of fact on each of Petka's causes of action. Petka's summary
judgment evidence consisted solely of the affidavit of its president, Ali G. Kadaster
(the Kadaster affidavit), which incorporated a copy of the parties' confidentiality and
non-circumvention agreement. Three days later, Puma challenged the Kadaster
affidavit, on the grounds its contents were entirely conclusory. A week later, the trial
court sustained Puma's objections to the Kadaster affidavit and signed an order
striking the entire contents of the affidavit. Petka did not challenge this ruling in the
trial court. On the same day, the trial court signed an order that granted Puma's no-evidence motion for summary judgment and rendered a final, take-nothing judgment
in Puma's favor. This order incorporated the prior order striking the Kadaster
affidavit. 

Standard and Scope of Review


 Rule 166a(i) authorizes trial courts to render summary judgment if, after
adequate time for discovery has passed, there is no evidence of one or more essential
elements of a claim or defense on which the adverse party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i); see also Flameout Design & Fabrication, Inc.
v. Pennzoil Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st Dist.] 1999, no
pet.) ("Thus, a no-evidence summary judgment is similar to a directed verdict."). 
Once the movant specifies the element or elements on which there is no evidence, the
burden shifts to the non-movant, who would have the burden of proof on those
elements at trial, to produce evidence that raises a fact issue on the challenged
elements. Tex. R. Civ. P. 166a(i); Flameout Design & Fabrication, Inc., 994 S.W.2d
at 834; Fields v. Teamsters Local Union No. 988, 23 S.W.3d 523, 524 (Tex.
App.--Houston [1st Dist.] 2000, pet. denied). 

 In reviewing a no-evidence summary judgment, we continue to apply the well-settled standard that requires us to (1) assume all evidence favorable to the
non-movant is true and (2) indulge every reasonable inference and resolve all doubts
in favor of the non-movant. Tex. R. Civ. P. 166a(i) and cmt. to 1997 change; Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000); Flameout Design & Fabrication, Inc.,
994 S.W.2d at 834. 

 We also continue to apply the well-settled principles that bar us from
considering arguments on appeal that refer to evidence the trial court has excluded,
unless the appealing party also challenges the ruling that excluded that evidence. See
Inglish v. Prudential Ins. Co. of America, 928 S.W.2d 702, 706 (Tex. App.--Houston
[1st Dist.] 1996, writ denied) (declining to consider contention that appellant
Inglish's affidavit raised fact issues related to formation of contract or whether
contract implied in fact or law existed, because appellants raised no appellate
challenge to trial court's sustaining opposing party's objections to affidavit); see also
Vallance v. Irving C.A.R.E.S., Inc., 14 S.W.3d 833, 838 (Tex. App.--Dallas 2000, no
pet.) ("The trial court sustained appellees' objections to this evidence. Appellant does
not challenge that ruling on appeal. Therefore, no evidence supports appellant's
argument.") (citing Inglish, 928 S.W.2d at 706, in rule 166a(i) case); Rayl v. Borger
Econ. Dev. Corp., 963 S.W.2d 109, 113 (Tex. App.--Amarillo 1998, no pet.)
(holding that lack of appellate challenge to ruling striking affidavit offered in
opposition to motion for summary judgment precluded considering affidavit on
appeal); Brooks v. Sherry Lane National Bank, 788 S.W.2d 874, 878 (Tex.
App.--Dallas 1990, no writ) (holding that party challenging summary judgment
waived any error in trial court's striking portions of that party's affidavit and pleading
by not challenging that ruling on appeal); Timothy G. Patton, Summary
Judgments in Texas § 6.09 [5] (2d ed. 1996) ("Appellate Complaints Regarding
Sustaining of Objection") (emphasizing that appealing party's failure to attack ruling
striking proof precludes appellate court's considering that proof). 

 Lack of Challenge to Exclusionary Ruling Bars Petka's Complaints


 Each of Petka's four issues presents an argument that the Kadaster affidavit
was sufficient to raise a genuine issue of material fact on one of Petka's causes of
action. But, as Puma has emphasized in its appellee's brief, each issue ignores that
the trial court sustained Puma's objections to the Kadaster affidavit. Petka does not
complain of that ruling or contend it was erroneous. The rules of appellate procedure
require us to construe a "statement of an issue or point presented for review" as
"covering every subsidiary question that is fairly included" and further require that
we construe briefing rules liberally. Tex. R. App. P. 38.1, 38.9. In the summary
judgment context, moreover, a broad point of error or issue that challenges rendition
of summary judgment will support challenges to all possible grounds upon which
summary judgment should have been denied. See Malooly Bros. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). 

 Petka has not raised a Malooly challenge, however. Even after construing
Petka's issues in their broadest sense, none acknowledges that the trial court signed
an order excluding the Kadaster affidavit. (1) This order effectively removed the
Kadaster affidavit from our consideration. Because Petka has not challenged this
order, we may not consider or refer to the Kadaster affidavit in support of Petka's
issues. Inglish, 928 S.W.2d at 706; Vallance, 14 S.W.3d at 838; Rayl, 963 S.W.2d
at 113; Brooks, 788 S.W.2d at 878. Accordingly, Petka presents nothing for review. 
 We overrule Petka's four issues presented.

Conclusion


 We affirm the judgment of the trial court. 





 Tim Taft


 Justice


Panel consists of Chief Justice Schneider and Justices Taft and Radack. 


Do not publish. Tex. R. App. P. 47.4. 


1. Although directed to this deficiency through Puma's appellee's brief, which
asks us to overrule all Petka's issues presented because they do not challenge
the order that excluded the evidence Petka relies on, Petka has not filed a reply
or moved to amend its brief.