OPINION HEADING PER CUR 






                     NO. 12-05-00111-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


MARGARET PARKER AND 
JIMMY HARVILLE, BOTH INDIVIDUALLY
AND AS NEXT FRIENDS OF                          §     APPEAL FROM THE FOURTH
SIDNEY HARVILLE, A MINOR,
APPELLANTS

V.                                                                         §     JUDICIAL DISTRICT COURT OF

SHANNAN WEAVER BAREFIELD 
AND CHAMPION EMS,
APPELLEES                                                      §     RUSK COUNTY, TEXAS





OPINION 
            In one issue, Appellants Margaret Parker and Jimmy Harville, both individually and as next
friends of Sidney Harville, a minor, challenge the dismissal of their claim against Appellees
Shannan Weaver Barefield and Champion EMS following the sustaining of special exceptions. 
Because Appellants failed to preserve their complaint for appellate review, we affirm.
 
Factual and Procedural Background
            Appellants sued Appellees for negligence in providing care to eighteen month old Sidney
at an accident scene on U.S. Highway 84 in Rusk County. About a year later, on October 4, 2004,
the court entered a docket control order, which set a deadline of December 30, 2004 for amending
pleadings to assert new causes of action or defenses and set a trial date of May 9, 2005. On
January 13, 2005, Appellees filed a motion to dismiss for failure to state a cause of action, which
included special exceptions to Appellants’ original petition. In the motion, Appellees contended
that Barefield was an emergency medical service person who was shielded from liability under
Section 74.152 of the Texas Civil Practice and Remedies Code, also known as the Good Samaritan
Statute. See Tex. Civ. Prac. & Rem. Code § 74.152 (Vernon 2005). Consequently, Appellees
contended, they could be held liable only if they acted with willful or wanton negligence. See
Moore v. Trevino, 94 S.W.3d 723, 728 (Tex. App.–San Antonio 2002, pet. denied) (section 74.002,
predecessor to section 74.152, shields emergency medical service personnel from liability unless
they acted willfully or with wanton negligence). Appellants pleaded only simple negligence. 
            Fifteen days later, on January 28, 2005, Appellants filed an amended original petition
alleging that Appellees acted with willful and wanton negligence. On February 16, Appellants filed
a response to Appellees’ motion to dismiss, asking for leave to amend their original petition to
allege willful and wanton negligence by Appellees. One week later, on February 23, the trial court
entered an order sustaining Appellees’ special exceptions and granting the motion to dismiss with
prejudice. Appellants filed no further pleadings in the trial court except their notice of appeal to
this Court. 
Preservation of Error
            In their sole issue, Appellants contend that the trial court erred when it dismissed their claim
with prejudice instead of allowing them to amend their petition to allege willful and wanton
negligence after the special exceptions had been sustained. Appellees respond that Appellants
failed to preserve for appellate review any error the trial court may have made in dismissing the case
with prejudice at the same time it sustained the special exceptions. See Tex. R. App. P. 33.1(a).             To preserve a complaint for appellate review, the party must have presented a timely request,
objection, or motion to the trial court, stating the specific grounds for the ruling it sought, and
obtained a ruling on the request, objection, or motion. Id. Before a party may complain that it was
denied the opportunity to amend after special exceptions were sustained, it must demonstrate that
such an opportunity was requested and denied. Inglish v. Prudential Ins. Co. of America, 928
S.W.2d 702, 705 (Tex. App.–Houston [1st Dist.] 1996, writ denied) (citing San Jacinto River
Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex. 1990)). Where a party is denied the right to amend,
and that fact is not reflected in the record, a motion for new trial will preserve the error. Inglish,
928 S.W.2d at 705. 
             In the instant case, Appellants never requested, by motion for new trial, rehearing, or
otherwise, the opportunity to amend their original petition after the trial court sustained
Appellees’ special exceptions. Had the Appellants requested an opportunity to amend their
original petition to add a willful and wanton negligence claim, they would have been entitled to
do so. See Friesenhahn v. Ryan, 960 S.W.2d 656, 658 (Tex. 1998); see also Sunbelt Tectronics,
Inc. v. Ramirez, 742 S.W.2d 771, 774 (Tex. App.–San Antonio 1987, no writ) (when special
exceptions are sustained, the party may amend to meet the exceptions as a matter of right). 
However, it is a basic tenet of our jurisprudence that the trial court must have an opportunity to
correct a ruling it has made in error to preserve the error for appeal. See Lewis v. Tex. Employers
Ins. Ass’n, 151 Tex. 95, 246 S.W.2d 599, 600 (1952); see also Hardeman v. Judge, 931 S.W.2d
716, 720 (Tex. App.–Fort Worth 1996, writ denied) (party failing to object to an erroneous ruling
and bring that error to a trial court’s attention does not preserve error for appellate review). 
Because Appellants did not call the error to the trial court’s attention after it sustained Appellees’
special exceptions, we hold that Appellants failed to preserve this issue for appeal. Appellants’
sole issue is overruled. 
Disposition
            Having overruled Appellants’ sole issue, we affirm the trial court’s order dismissing the
case with prejudice.
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered January 25, 2006.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
(PUBLISH)