

**NUMBER 13-07-087-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

MARYLYN WARREN,                                                    Appellant,

v.

CITY OF ARANSAS PASS,                                              Appellee.

---

**On appeal from the 343rd District Court
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Benavides**

Appellant, Marylyn Warren, appeals from the trial court's order granting a combined motion filed by appellee, the City of Aransas Pass (the "City"), that included a plea to the jurisdiction, a motion for traditional summary judgment, and a motion for no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). By numerous issues, which we will address out of order for organizational purposes, Warren argues that (1) the Nueces

County District Court erroneously transferred venue to San Patricio County; (2) the trial court erred by denying Warren's "motion to remove" the case to federal court; (3) the trial court erred in granting the combined motion before discovery was completed; (4) the trial court erred by refusing to make findings of fact and conclusions of law; (5) the trial court erred by sustaining all of the City's objections to Warren's evidence without giving her an opportunity to respond and without holding a hearing; and (6) the trial court erroneously granted the City's combined motion. We affirm.

## I. Background

On August 3, 2005, Warren filed suit against the City and Ronnie Poole[1] in Nueces County District Court. Warren's original petition claimed that she is the owner of two shrimp boats, an unnamed boat and the "Miss Elizabeth Ann." She claimed that both boats were properly docked at a pier located in Nueces County in a body of water opposite from Conn Brown Harbor. Warren conceded that the boats were located within the city limits of Aransas Pass. She claimed that the City, without communicating with her first, "directed that [the boats] be relocated from where they were properly and legally docked, across that body of water, away from their legitimate docking." Warren claimed that after the boats were moved, she could not access the boats by land. Ultimately, the boats were damaged by unusual weather, and they both sank.

Warren asserted that the City Manager of Aransas Pass "gave the boats to a third party, conditioned only on the requirement that he remove the boats from the waterway."

---

[1] The record does not indicate that Ronnie Poole was ever served. He neither filed an answer nor appeared in the proceedings below. The judgment granting the City's combined motion states that the "cause" was dismissed with prejudice. Furthermore, Warren did not list Poole as a party in her appellate brief. Based on the record before us, we conclude that Poole was never made a party to this case, and the judgment finally disposes of all parties to the proceeding.

The petition does not provide the identity of this alleged third party. According to the petition, the third party removed the boats and then removed equipment and fixtures from the boats. Once the third party was advised of the boats' true owner and that one was a "Coast Guard licensed boat," the third party returned one boat to the waterway and sunk it at approximately the same location where it had been raised. Warren alleged that this boat remains sunk at the same location. The second boat was placed at an unidentified location on land.

Warren pleaded claims for conversion, negligence, tortious interference with her "shrimping and fishing business," interference with a "Coast Guard licensed boat," and obstruction of a navigable waterway, seeking damages under all theories of liability. She also alleged gross negligence and requested punitive damages.

On August 3, 2005, the City filed a motion to transfer venue to San Patricio County and an answer subject thereto. The City objected to venue in Nueces County, alleging that venue was mandatory in San Patricio County.[2] The City's answer specifically pleaded sovereign immunity as an affirmative defense.

Warren apparently did not respond to the City's motion to transfer, as no response appears in the record. Likewise, the record does not contain an order granting the motion to transfer venue. However, the next document that appears in the record after the City's motion is a docket control order issued by the 343rd District Court of San Patricio County. All the proceedings that followed were conducted by the San Patricio County District Court.

---

[2] The City erroneously cited section 15.002 of the Texas Civil Practice and Remedies Code in support of its mandatory venue argument. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (Vernon 2002). That provision provides the general venue rule, not mandatory venue. *See id.*

On June 9, 2006, Warren filed a "Motion to Remove Case to Federal District Court." In this motion, she argued that the case involves a boat registered with the United States Coast Guard. She concluded that the City's "mistreatment" of the boat was "injurious and disrespectful to the U.S. Coast Guard regulation of vessels under their regulatory authority. Therefore, this lawsuit readily should be subject to the jurisdiction of the Federal District Court." Furthermore, Warren argued that the City had "forum shopped" by transferring venue to San Patricio County, and the federal district court could "resolve any doubt or impropriety related to the improvident transfer of jurisdiction by defendants." She conceded that removal actions are normally sought by defendants in a case, but "based on the above pleadings," Warren asserted that "this abnormal removal action [was] warranted." The City did not respond to this motion, and the record does not contain a ruling on the motion.

On October 10, 2006, the City filed a combined motion that contained a plea to the jurisdiction, a traditional motion for summary judgment, and a no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). The City argued through its plea to the jurisdiction and its traditional motion for summary judgment that all Warren's claims were barred by sovereign immunity. The City also argued that Warren did not have standing to raise a claim for obstruction of a waterway. Additionally, the City argued through its traditional motion for summary judgment that there is no recognized cause of action for "interference with a Coast Guard licensed boat." The City then attacked elements of each of Warren's claims through its no-evidence motion for summary judgment.

On November 2, 2006, Warren filed a response. First, Warren argued that the San

4

Patricio County District Court erroneously assumed jurisdiction over the case because she claimed that the boats were docked and then sunk in a body of water that was located in Nueces County. Second, she argued that the City had failed to plead sovereign immunity. Third, she argued that the no-evidence summary judgment was improper because discovery was not complete.

With regard to the merits of the City's plea to the jurisdiction, Warren asserted that the City was engaged in a proprietary, discretionary function when it moved the boats. Specifically, she disputed that the waterway was located in Conn Brown Harbor, and she argued that the waterway where the boats were located was a private waterway that City officials were trying to purchase at the time the boats were moved. Warren conceded that she had no knowledge of the type of motor-driven equipment used to move the boats. However, she argued that "res ipsa loquitor requires that the only way two good size [sic] shrimp boats could be moved that distance, would have to be by some motor vehicle or motor driven equipment; plaintiff is not relying on the fact that both boats had engines . . . ."

Warren also asserted that there was a contract between the City Manager of Aransas Pass and Ronnie Poole to remove the boats.[3] Accordingly, and although Warren had not asserted a breach of contract claim, Warren argued that the City waived immunity by contracting with Poole to remove the boats. Warren also asserted a theory of "joint enterprise" liability, claiming that the City was responsible for Poole's actions under this theory.

Warren argued that her claim for interference with a Coast Guard licensed boat was

_____

[3] This is the first pleading that reveals Poole's connection to the case.

a "federal claim," although she never identified the law that is the source of the claim. She reasoned that the City did not have Eleventh Amendment immunity with respect to her federal claim. Finally, Warren asserted that she is entitled to "declaratory relief," which is not subject to sovereign immunity, for the violation of her constitutional due process rights. Notably, Warren had never pleaded a claim for declaratory relief.

Warren submitted a "sworn statement" in support of her response. She stated that the boats were moored at a location just south of Conn Brown Harbor, which she had rented from an unidentified individual. The statement does not claim that the waterway itself was not operated or maintained by the City. Apparently, Warren also attached two maps to her response, designated as Exhibits B and C. Exhibit B does not appear in the record.[4] Exhibit C is a map of the area showing Conn Brown Harbor and the line between San Patricio County and Nueces County. There is nothing on the map to indicate where the boats were located at any given point in time.

On November 14, 2006, the City objected to all of Warren's "evidence" on various grounds, and the trial court granted the objections on November 22, 2006. Due to the trial court's rulings on these objections, none of the evidence Warren submitted was considered. Thus, on November 22, 2006, the trial court granted the City's combined motion without stating its reasoning.

On December 8, 2006, Warren filed a motion to set aside the summary judgment and a response to the City's objections to her summary judgment evidence.[5] Warren

---

[4] Warren attached Exhibit B to her appellate brief.

[5] Warren filed a supplemental motion to set aside the order on December 11, 2006, attaching additional evidence.

6

argued that the City had not fully responded to her discovery and that she had filed a motion to compel discovery. Warren also objected that the trial court failed to give a reason for its ruling. Furthermore, Warren attempted to submit additional evidence to support her argument that the City did not own the land where her boats were originally docked and could not have been exercising a governmental function on this "private property."

Warren then filed a notice of appeal. After her notice of appeal was filed on January 25, 2007, she filed a request for findings of fact and conclusions of law on February 25, 2007 and an additional request for findings of fact and conclusions of law on March 2, 2007. Warren requested that the trial court clerk prepare the record for appeal, but she did not request that the record contain any specific orders. This appeal ensued.

## II. Venue

By her first issue, Warren argues that the trial court erroneously determined that the two boats were not located in Nueces County, which she asserts caused the trial court to erroneously transfer venue to San Patricio County. Warren's argument consists of a little over a single page, and with a single sentence of legal argument, she cites the Texas Tort Claims Act, which requires suit to be filed in the county where the cause of action arose. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(a) (Vernon 2005) ("A suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of action arises."). Warren does not, however, explain why the trial court erred by granting the motion to transfer, with citations to appropriate authority or to the record. *See* TEX. R. APP. P. 38.1(i). Under these circumstances, nothing is presented for

7

our review. *McShane v. Bay Area Healthcare Group, Ltd.,* 174 S.W.3d 908, 913 (Tex. App.–Corpus Christi 2005) (holding mere citation to law without explanation of how it requires reversal is insufficient to satisfy rule 38.1), *rev'd on other grounds,* 239 S.W.3d 231 (Tex. 2007).  Warren's first issue is overruled.

### III.  Warren's "Motion to Remove" the Case to Federal Court

By her sixth issue, Warren argues that the trial court erred in "refusing appellant[']s efforts to remove the case to federal court, after not being able to obtain the appropriate state court for shrimp boats located in Nueces County, under alleged forum-shopping by Aransas Pass."  As with her first issue, Warren does not provide any citations to authority or to the record in support of this argument.  *See* TEX. R. APP. P. 38.1(i); *McShane,* 174 S.W.3d at 913.  Additionally, the record does not indicate that Warren obtained an adverse ruling on her motion to remove the case to federal court.  *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: . . . the trial court:  (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.").

More importantly, however, we know of no authority that would allow a state court to grant such a motion.  Rather, to effect a removal of a case from state to federal court, a *defendant* or *defendants* must file a notice of removal in the appropriate federal court.  *See* 28 U.S.C. §§ 1441(a), 1446(a).  Thereafter, a copy of the notice of removal must be filed in state court, which effects the removal.  *Id.* § 1446(d); *see HBA East, Ltd. v. JEA Boxing Co.*, 796 S.W.2d 534, 537-38 (Tex. App.–Houston [1st Dist.] 1990, writ denied).

8

Accordingly, we overrule Warren's sixth issue.

## IV. Incomplete Discovery

By her fifth issue, Warren argues that the trial court erred in granting the combined motion despite "being alerted to the discovery by the parties not being completed," which she asserts prevented her from properly responding to the combined motion. Again, Warren has failed to include any citations to the record for her arguments and has not cited any authority to support her issue, except for a vague reference to violations of the Texas Lawyer's Creed. *See* TEX. R. APP. P. 38.1(i); *McShane,* 174 S.W.3d at 913. Warren's fifth issue is overruled.

## V. Findings of Fact and Conclusions of Law

By her seventh issue, Warren argues that the trial court erred by refusing to enter findings of fact and conclusions of law and by failing to respond to her additional request for findings of fact and conclusions of law. Warren argues that she is unable to determine the standard the court used in granting the City's combined motion. As with all the other issues addressed thus far, there is not a single citation to the record or to any relevant authority in support of her arguments. *See* TEX. R. APP. P. 38.1(i); *McShane,* 174 S.W.3d at 913. In fact, the trial court was not required to file findings of fact and conclusions of law with respect to the plea to the jurisdiction or to the summary judgment because these motions could only be granted if no fact issue existed. *See Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227-28 (Tex. 2004) ("If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant

9

evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law."); *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-42 (Tex. 1997) (noting findings of fact have no place in summary judgment proceeding because summary judgment is granted when no fact issues exist, and the applicable law is set out in the motion and response); *Swoboda v. Swoboda*, 17 S.W.3d 276, 281 (Tex. App.–Corpus Christi 2000, no pet.) (same). Warren's seventh issue is overruled.

## VI. City's Objections to Warren's Evidence

By her fourth issue, Warren argues that the trial court erred by sustaining all of the City's objections to her evidence without giving her an opportunity to respond and without scheduling a hearing on the objections. The effect of the trial court's ruling was to exclude all of Warren's evidence in opposition to the City's combined motion.

Warren's argument consists of a single page with a single reference to Texas Rules of Evidence 803 and 804 and a conclusory reference to unspecified provisions in the Texas Lawyer's Creed. She does not address the numerous objections lodged by the City against her evidence or explain why each of the objections lacks merit. There are no citations to the record, and there is no analysis of any relevant authority. Yet again, we are unable to address Warren's complaint because it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *McShane,* 174 S.W.3d at 913.

For example, in response to the City's combined motion, Warren submitted her own sworn statement and two maps, labeled Exhibits B and C. The City objected to Warren's statement on the grounds that it was not a proper affidavit because it did not contain a

jurat. The trial court sustained this objection, and Warren does not address it anywhere in her appellate brief. The same is true with respect to Exhibit C. The City objected that this map was unauthenticated hearsay, and the trial court sustained this objection. Warren does not address this contention on appeal.

Although Warren complains that the objection to Exhibit B should not have been sustained because the map "meets the exceptions to the nonadmission of hearsay, under Rules 803/804," Exhibit B does not appear in the clerk's record. Warren complains of this defect, but she has taken no steps to ensure that the map was included in the record other than to merely attaching the map to her brief. Under these circumstances, we cannot consider Exhibit B. *Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) ("Although Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error.").

Warren further argues that the trial court erred by failing to hold a hearing on the objections. However, the rules of civil procedure do not require an oral hearing on objections to summary judgment evidence or to evidence submitted in opposition to a plea to the jurisdiction. *See* TEX. R. CIV. P. 166a; *Miranda,* 133 S.W.3d at 228 (holding procedure for plea to jurisdiction is similar to summary judgment); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (holding that trial court has authority to dispense with oral hearing for summary judgment motion). Furthermore, the objections were filed on November 14, 2006, and the trial court granted the objections over a week later on November 22, 2006. It appears that Warren had ample time to respond to the

11

City's objections, but failed to do so.  Warren's fourth issue is overruled.

## VII.  Propriety of Summary Judgment

By her second, third, and eighth issues,[6] Warren argues, for various reasons, that the trial court erred by granting the combined motion.  However, given that we have overruled Warren's fourth issue with respect to the trial court's order sustaining all the City's objections to all of the evidence she produced in response to the motion for no-evidence summary judgment, we are required to affirm the trial court's order.

The combined motion included a motion for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i) that attacked all of Warren's causes of action.  A no-evidence motion places the burden on the non-movant to produce evidence raising a genuine issue of fact as to all the elements challenged by the motion.  *See* TEX. R. CIV. P. 166a(i).  Here, the effect of our ruling on Warren's fourth issue, holding that Warren waived her challenge to the trial court's order sustaining the City's objections to all of her summary judgment evidence, is that we may not consider the evidence.  *See Inglish v. Prudential Ins. Co. of Am.,* 928 S.W.2d 702, 706 (Tex. App.–Houston [1st Dist.] 1996, writ denied).  Thus, Warren has no evidence in the record in opposition to the City's no-evidence motion for summary judgment, and we must affirm.  *Welch v. Coca-Cola Enters., Inc.,* 36 S.W.3d

---

[6] Warren's second issue argues that the trial court erred by ignoring her response to the plea to the jurisdiction and her motion to set aside the summary judgment.  Within this issue, Warren does not point to anything in the record that demonstrates that the trial court actually ignored her filings.  Rather, she reasserts all the arguments she made in the trial court within her response to the combined motion.  Apparently, Warren believes that the trial court must have ignored her response and her motion to set aside the order because it ruled in the City's favor.  Warren's third issue argues that the trial court erred in granting the combined motion "apparently on the basis of Aransas Pass not being liable for the misconduct of the city manager, personnel and third parties on the basis of sovereign immunity, and provisions of the Texas Tort Claims Act."  Warren's eighth issue argues that the trial court erred by "refusing to recognize that Aransas Pass Personnel's Misconduct was an exception to their theory of jurisdiction and sovereign immunity."

532, 537 (Tex. App.–Tyler 2000, no pet.) ("In the case of a no evidence summary judgment, there can be a judgment by default because, if the non-movant does not respond, judgment can be rendered against the non-movant, summarily disposing of the challenged cause of action or defense."); *see also Love v. Wal-Mart Stores, Inc.,* No. 11-05-00121-CV, 2006 WL 3038600, at *2 (Tex. App.–Eastland Oct. 26, 2006, no pet.) (mem. op.) (holding that court was required to affirm no-evidence summary judgment where appellant did not challenge trial court's order striking all of appellant's summary judgment evidence).  Warren's second, third, and eighth issues are overruled.

### VIII.  Conclusion

Having overruled all of Warren's issues on appeal, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 13th day of November, 2008.