NUMBER 13-07-087-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

MARYLYN WARREN, Appellant,


v.
 


CITY OF ARANSAS PASS, Appellee.

 


On appeal from the 343rd District Court


of San Patricio County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Benavides


 

 Appellant, Marylyn Warren, appeals from the trial court's order granting a combined
motion filed by appellee, the City of Aransas Pass (the "City"), that included a plea to the
jurisdiction, a motion for traditional summary judgment, and a motion for no-evidence
summary judgment. See Tex. R. Civ. P. 166a(c), (i). By numerous issues, which we will
address out of order for organizational purposes, Warren argues that (1) the Nueces
County District Court erroneously transferred venue to San Patricio County; (2) the trial
court erred by denying Warren's "motion to remove" the case to federal court; (3) the trial
court erred in granting the combined motion before discovery was completed; (4) the trial
court erred by refusing to make findings of fact and conclusions of law; (5) the trial court
erred by sustaining all of the City's objections to Warren's evidence without giving her an
opportunity to respond and without holding a hearing; and (6) the trial court erroneously
granted the City's combined motion. We affirm.

I. Background

 On August 3, 2005, Warren filed suit against the City and Ronnie Poole (1) in Nueces
County District Court. Warren's original petition claimed that she is the owner of two
shrimp boats, an unnamed boat and the "Miss Elizabeth Ann." She claimed that both
boats were properly docked at a pier located in Nueces County in a body of water opposite
from Conn Brown Harbor. Warren conceded that the boats were located within the city
limits of Aransas Pass. She claimed that the City, without communicating with her first,
"directed that [the boats] be relocated from where they were properly and legally docked,
across that body of water, away from their legitimate docking." Warren claimed that after
the boats were moved, she could not access the boats by land. Ultimately, the boats were
damaged by unusual weather, and they both sank. 

 Warren asserted that the City Manager of Aransas Pass "gave the boats to a third
party, conditioned only on the requirement that he remove the boats from the waterway." 
The petition does not provide the identity of this alleged third party. According to the
petition, the third party removed the boats and then removed equipment and fixtures from
the boats. Once the third party was advised of the boats' true owner and that one was a
"Coast Guard licensed boat," the third party returned one boat to the waterway and sunk
it at approximately the same location where it had been raised. Warren alleged that this
boat remains sunk at the same location. The second boat was placed at an unidentified
location on land. 

 Warren pleaded claims for conversion, negligence, tortious interference with her
"shrimping and fishing business," interference with a "Coast Guard licensed boat," and
obstruction of a navigable waterway, seeking damages under all theories of liability. She
also alleged gross negligence and requested punitive damages. 

 On August 3, 2005, the City filed a motion to transfer venue to San Patricio County
and an answer subject thereto. The City objected to venue in Nueces County, alleging that
venue was mandatory in San Patricio County. (2) The City's answer specifically pleaded
sovereign immunity as an affirmative defense.

 Warren apparently did not respond to the City's motion to transfer, as no response
appears in the record. Likewise, the record does not contain an order granting the motion
to transfer venue. However, the next document that appears in the record after the City's
motion is a docket control order issued by the 343rd District Court of San Patricio County. 
All the proceedings that followed were conducted by the San Patricio County District Court.

 On June 9, 2006, Warren filed a "Motion to Remove Case to Federal District Court." 
In this motion, she argued that the case involves a boat registered with the United States
Coast Guard. She concluded that the City's "mistreatment" of the boat was "injurious and
disrespectful to the U.S. Coast Guard regulation of vessels under their regulatory authority. 
Therefore, this lawsuit readily should be subject to the jurisdiction of the Federal District
Court." Furthermore, Warren argued that the City had "forum shopped" by transferring
venue to San Patricio County, and the federal district court could "resolve any doubt or
impropriety related to the improvident transfer of jurisdiction by defendants." She 
conceded that removal actions are normally sought by defendants in a case, but "based
on the above pleadings," Warren asserted that "this abnormal removal action [was]
warranted." The City did not respond to this motion, and the record does not contain a
ruling on the motion. 

 On October 10, 2006, the City filed a combined motion that contained a plea to the
jurisdiction, a traditional motion for summary judgment, and a no-evidence motion for
summary judgment. See Tex. R. Civ. P. 166a(c), (i). The City argued through its plea to
the jurisdiction and its traditional motion for summary judgment that all Warren's claims
were barred by sovereign immunity. The City also argued that Warren did not have
standing to raise a claim for obstruction of a waterway. Additionally, the City argued
through its traditional motion for summary judgment that there is no recognized cause of
action for "interference with a Coast Guard licensed boat." The City then attacked
elements of each of Warren's claims through its no-evidence motion for summary
judgment.

 On November 2, 2006, Warren filed a response. First, Warren argued that the San
Patricio County District Court erroneously assumed jurisdiction over the case because she
claimed that the boats were docked and then sunk in a body of water that was located in
Nueces County. Second, she argued that the City had failed to plead sovereign immunity. 
Third, she argued that the no-evidence summary judgment was improper because
discovery was not complete. 

 With regard to the merits of the City's plea to the jurisdiction, Warren asserted that
the City was engaged in a proprietary, discretionary function when it moved the boats. 
Specifically, she disputed that the waterway was located in Conn Brown Harbor, and she
argued that the waterway where the boats were located was a private waterway that City
officials were trying to purchase at the time the boats were moved. Warren conceded that
she had no knowledge of the type of motor-driven equipment used to move the boats. 
However, she argued that "res ipsa loquitor requires that the only way two good size [sic]
shrimp boats could be moved that distance, would have to be by some motor vehicle or
motor driven equipment; plaintiff is not relying on the fact that both boats had engines . . . ."

 Warren also asserted that there was a contract between the City Manager of
Aransas Pass and Ronnie Poole to remove the boats. (3) Accordingly, and although Warren
had not asserted a breach of contract claim, Warren argued that the City waived immunity
by contracting with Poole to remove the boats. Warren also asserted a theory of "joint
enterprise" liability, claiming that the City was responsible for Poole's actions under this
theory. 

 Warren argued that her claim for interference with a Coast Guard licensed boat was
a "federal claim," although she never identified the law that is the source of the claim. She
reasoned that the City did not have Eleventh Amendment immunity with respect to her
federal claim. Finally, Warren asserted that she is entitled to "declaratory relief," which is
not subject to sovereign immunity, for the violation of her constitutional due process rights. 
Notably, Warren had never pleaded a claim for declaratory relief. 

 Warren submitted a "sworn statement" in support of her response. She stated that
the boats were moored at a location just south of Conn Brown Harbor, which she had
rented from an unidentified individual. The statement does not claim that the waterway
itself was not operated or maintained by the City. Apparently, Warren also attached two
maps to her response, designated as Exhibits B and C. Exhibit B does not appear in the
record. (4) Exhibit C is a map of the area showing Conn Brown Harbor and the line between
San Patricio County and Nueces County. There is nothing on the map to indicate where
the boats were located at any given point in time. 

 On November 14, 2006, the City objected to all of Warren's "evidence" on various
grounds, and the trial court granted the objections on November 22, 2006. Due to the trial
court's rulings on these objections, none of the evidence Warren submitted was
considered. Thus, on November 22, 2006, the trial court granted the City's combined
motion without stating its reasoning. 

 On December 8, 2006, Warren filed a motion to set aside the summary judgment
and a response to the City's objections to her summary judgment evidence. (5) Warren
argued that the City had not fully responded to her discovery and that she had filed a
motion to compel discovery. Warren also objected that the trial court failed to give a
reason for its ruling. Furthermore, Warren attempted to submit additional evidence to
support her argument that the City did not own the land where her boats were originally
docked and could not have been exercising a governmental function on this "private
property."

 Warren then filed a notice of appeal. After her notice of appeal was filed on January
25, 2007, she filed a request for findings of fact and conclusions of law on February 25,
2007 and an additional request for findings of fact and conclusions of law on March 2,
2007. Warren requested that the trial court clerk prepare the record for appeal, but she
did not request that the record contain any specific orders. This appeal ensued. II. Venue

 By her first issue, Warren argues that the trial court erroneously determined that the
two boats were not located in Nueces County, which she asserts caused the trial court to
erroneously transfer venue to San Patricio County. Warren's argument consists of a little
over a single page, and with a single sentence of legal argument, she cites the Texas Tort
Claims Act, which requires suit to be filed in the county where the cause of action arose. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a) (Vernon 2005) ("A suit under this
chapter shall be brought in state court in the county in which the cause of action or a part
of the cause of action arises."). Warren does not, however, explain why the trial court
erred by granting the motion to transfer, with citations to appropriate authority or to the
record. See Tex. R. App. P. 38.1(i). Under these circumstances, nothing is presented for
our review. McShane v. Bay Area Healthcare Group, Ltd., 174 S.W.3d 908, 913 (Tex.
App.-Corpus Christi 2005) (holding mere citation to law without explanation of how it
requires reversal is insufficient to satisfy rule 38.1), rev'd on other grounds, 239 S.W.3d
231 (Tex. 2007). Warren's first issue is overruled.

III. Warren's "Motion to Remove" the Case to Federal Court

 By her sixth issue, Warren argues that the trial court erred in "refusing appellant[']s
efforts to remove the case to federal court, after not being able to obtain the appropriate
state court for shrimp boats located in Nueces County, under alleged forum-shopping by
Aransas Pass." As with her first issue, Warren does not provide any citations to authority
or to the record in support of this argument. See Tex. R. App. P. 38.1(i); McShane, 174
S.W.3d at 913. Additionally, the record does not indicate that Warren obtained an adverse
ruling on her motion to remove the case to federal court. See Tex. R. App. P. 33.1(a)(2)
("As a prerequisite to presenting a complaint for appellate review, the record must show
that: . . . the trial court: (A) ruled on the request, objection, or motion, either expressly or
implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining
party objected to the refusal.").

 More importantly, however, we know of no authority that would allow a state court
to grant such a motion. Rather, to effect a removal of a case from state to federal court,
a defendant or defendants must file a notice of removal in the appropriate federal court. 
See 28 U.S.C. §§ 1441(a), 1446(a). Thereafter, a copy of the notice of removal must be
filed in state court, which effects the removal. Id. § 1446(d); see HBA East, Ltd. v. JEA
Boxing Co., 796 S.W.2d 534, 537-38 (Tex. App.-Houston [1st Dist.] 1990, writ denied). 
Accordingly, we overrule Warren's sixth issue.

IV. Incomplete Discovery

 By her fifth issue, Warren argues that the trial court erred in granting the combined
motion despite "being alerted to the discovery by the parties not being completed," which
she asserts prevented her from properly responding to the combined motion. Again,
Warren has failed to include any citations to the record for her arguments and has not cited
any authority to support her issue, except for a vague reference to violations of the Texas
Lawyer's Creed. See Tex. R. App. P. 38.1(i); McShane, 174 S.W.3d at 913. Warren's fifth
issue is overruled.

V. Findings of Fact and Conclusions of Law 

 By her seventh issue, Warren argues that the trial court erred by refusing to enter
findings of fact and conclusions of law and by failing to respond to her additional request
for findings of fact and conclusions of law. Warren argues that she is unable to determine
the standard the court used in granting the City's combined motion. As with all the other
issues addressed thus far, there is not a single citation to the record or to any relevant
authority in support of her arguments. See Tex. R. App. P. 38.1(i); McShane, 174 S.W.3d
at 913. In fact, the trial court was not required to file findings of fact and conclusions of law
with respect to the plea to the jurisdiction or to the summary judgment because these
motions could only be granted if no fact issue existed. See Tex. Dept. of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 227-28 (Tex. 2004) ("If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea to the
jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial
court rules on the plea to the jurisdiction as a matter of law."); IKB Indus. (Nigeria) Ltd. v.
Pro-Line Corp., 938 S.W.2d 440, 441-42 (Tex. 1997) (noting findings of fact have no place
in summary judgment proceeding because summary judgment is granted when no fact
issues exist, and the applicable law is set out in the motion and response); Swoboda v.
Swoboda, 17 S.W.3d 276, 281 (Tex. App.-Corpus Christi 2000, no pet.) (same). Warren's
seventh issue is overruled. 

VI. City's Objections to Warren's Evidence

 By her fourth issue, Warren argues that the trial court erred by sustaining all of the
City's objections to her evidence without giving her an opportunity to respond and without
scheduling a hearing on the objections. The effect of the trial court's ruling was to exclude
all of Warren's evidence in opposition to the City's combined motion. 

 Warren's argument consists of a single page with a single reference to Texas Rules
of Evidence 803 and 804 and a conclusory reference to unspecified provisions in the
Texas Lawyer's Creed. She does not address the numerous objections lodged by the City
against her evidence or explain why each of the objections lacks merit. There are no
citations to the record, and there is no analysis of any relevant authority. Yet again, we are
unable to address Warren's complaint because it is inadequately briefed. See Tex. R. App.
P. 38.1(i); McShane, 174 S.W.3d at 913. 

 For example, in response to the City's combined motion, Warren submitted her own
sworn statement and two maps, labeled Exhibits B and C. The City objected to Warren's
statement on the grounds that it was not a proper affidavit because it did not contain a
jurat. The trial court sustained this objection, and Warren does not address it anywhere
in her appellate brief. The same is true with respect to Exhibit C. The City objected that
this map was unauthenticated hearsay, and the trial court sustained this objection. Warren
does not address this contention on appeal. 

 Although Warren complains that the objection to Exhibit B should not have been
sustained because the map "meets the exceptions to the nonadmission of hearsay, under
Rules 803/804," Exhibit B does not appear in the clerk's record. Warren complains of this
defect, but she has taken no steps to ensure that the map was included in the record other
than to merely attaching the map to her brief. Under these circumstances, we cannot
consider Exhibit B. Enterprise Leasing Co. of Houston v. Barrios, 156 S.W.3d 547, 549
(Tex. 2004) ("Although Enterprise bears the burden to prove its summary judgment as a
matter of law, on appeal Barrios bears the burden to bring forward the record of the
summary judgment evidence to provide appellate courts with a basis to review his claim
of harmful error."). 

 Warren further argues that the trial court erred by failing to hold a hearing on the
objections. However, the rules of civil procedure do not require an oral hearing on
objections to summary judgment evidence or to evidence submitted in opposition to a plea
to the jurisdiction. See Tex. R. Civ. P. 166a; Miranda, 133 S.W.3d at 228 (holding
procedure for plea to jurisdiction is similar to summary judgment); Martin v. Martin, Martin
& Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998) (holding that trial court has authority
to dispense with oral hearing for summary judgment motion). Furthermore, the objections
were filed on November 14, 2006, and the trial court granted the objections over a week
later on November 22, 2006. It appears that Warren had ample time to respond to the
City's objections, but failed to do so. Warren's fourth issue is overruled.

VII. Propriety of Summary Judgment

 By her second, third, and eighth issues, (6) Warren argues, for various reasons, that
the trial court erred by granting the combined motion. However, given that we have
overruled Warren's fourth issue with respect to the trial court's order sustaining all the
City's objections to all of the evidence she produced in response to the motion for no-evidence summary judgment, we are required to affirm the trial court's order.

 The combined motion included a motion for no-evidence summary judgment under
Texas Rule of Civil Procedure 166a(i) that attacked all of Warren's causes of action. A no-evidence motion places the burden on the non-movant to produce evidence raising a
genuine issue of fact as to all the elements challenged by the motion. See Tex. R. Civ. P.
166a(i). Here, the effect of our ruling on Warren's fourth issue, holding that Warren waived
her challenge to the trial court's order sustaining the City's objections to all of her summary
judgment evidence, is that we may not consider the evidence. See Inglish v. Prudential
Ins. Co. of Am., 928 S.W.2d 702, 706 (Tex. App.-Houston [1st Dist.] 1996, writ denied). 
Thus, Warren has no evidence in the record in opposition to the City's no-evidence motion
for summary judgment, and we must affirm. Welch v. Coca-Cola Enters., Inc., 36 S.W.3d
532, 537 (Tex. App.-Tyler 2000, no pet.) ("In the case of a no evidence summary
judgment, there can be a judgment by default because, if the non-movant does not
respond, judgment can be rendered against the non-movant, summarily disposing of the
challenged cause of action or defense."); see also Love v. Wal-Mart Stores, Inc., No.
11-05-00121-CV, 2006 WL 3038600, at *2 (Tex. App.-Eastland Oct. 26, 2006, no pet.)
(mem. op.) (holding that court was required to affirm no-evidence summary judgment
where appellant did not challenge trial court's order striking all of appellant's summary
judgment evidence). Warren's second, third, and eighth issues are overruled.

VIII. Conclusion

 Having overruled all of Warren's issues on appeal, we affirm the trial court's
judgment.


 ________________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 13th day of November, 2008. 

 
1. The record does not indicate that Ronnie Poole was ever served. He neither filed an answer nor
appeared in the proceedings below. The judgment granting the City's combined motion states that the "cause"
was dismissed with prejudice. Furthermore, Warren did not list Poole as a party in her appellate brief. Based
on the record before us, we conclude that Poole was never made a party to this case, and the judgment finally
disposes of all parties to the proceeding.
2. The City erroneously cited section 15.002 of the Texas Civil Practice and Remedies Code in support
of its mandatory venue argument. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (Vernon 2002). That
provision provides the general venue rule, not mandatory venue. See id. 
3. This is the first pleading that reveals Poole's connection to the case.
4. Warren attached Exhibit B to her appellate brief.
5. Warren filed a supplemental motion to set aside the order on December 11, 2006, attaching
additional evidence.
6. Warren's second issue argues that the trial court erred by ignoring her response to the plea to the
jurisdiction and her motion to set aside the summary judgment. Within this issue, Warren does not point to
anything in the record that demonstrates that the trial court actually ignored her filings. Rather, she reasserts
all the arguments she made in the trial court within her response to the combined motion. Apparently, Warren
believes that the trial court must have ignored her response and her motion to set aside the order because
it ruled in the City's favor. Warren's third issue argues that the trial court erred in granting the combined
motion "apparently on the basis of Aransas Pass not being liable for the misconduct of the city manager,
personnel and third parties on the basis of sovereign immunity, and provisions of the Texas Tort Claims Act." 
Warren's eighth issue argues that the trial court erred by "refusing to recognize that Aransas Pass Personnel's
Misconduct was an exception to their theory of jurisdiction and sovereign immunity."